[Crim. No. 142.   First Appellate District.—October 19, 1908.]

THE PEOPLE, Respondent, v. JOHN SMITH, Appellant.

CRIMINAL LAW—ROBBERY—FRIVOLOUS CROSS-EXAMINATION OF PROSE-CUTING WITNESS—RESTRICTION BY COURT—DISCRETION.—Upon a trial for robbery, where the direct examination of the prosecuting witness was confined to a narration of the acts of the defendant, when he committed the robbery, the place where the money was secreted in the house, the money taken and the injuries inflicted upon the witness by defendant, occupying eight folios of the transcript, and the cross-examination was in regard to many trivial matters, consisted of one hundred and forty questions and covers sixty folios of the transcript, it was in the discretion of the court, when repetitious questions were asked, to warn defendant's counsel that they were wasting time, and to limit the time for the cross-examination as to other matters, and such discretion appears to have been properly exercised when defendant merely excepted and declined to proceed as to other matters, not being deprived by the ruling of any material question.

ID.—ORIGINAL INFORMATION DESTROYED BY FIRE—SUBSTITUTION OF COPY. When it appears that the original information was destroyed by the fire of April 18, 1906, the court properly allowed a true copy of the original to be substituted therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

John J. Earle, and Eugene W. Roland, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

COOPER, P. J.—The defendant was charged in the information with the crime of robbery, and with two prior convictions—one of petit larceny and the other of burglary.   The jury returned a verdict finding him guilty of robbery as charged in the information, and the judgment recites that he had theretofore been duly convicted of the crime of petit larceny and of burglary in the first degree.   He was thereupon sentenced to a term of fifty years in the state penitentiary.   This appeal is from the judgment and the order denying his motion for a new trial.

It is not claimed that the evidence is insufficient to sustain the verdict, or that the court erred in giving or refusing any instruction to the jury.   The main point urged here is that the court improperly restricted and cut off the right of defendant's counsel to cross-examine the complaining witness, Lena Wilson, the person upon whom the robbery was committed.

The direct examination of said witness was confined to a narration of the acts of defendant when he committed the robbery, the place where the money was secreted in the house, the amount of money taken and the injuries inflicted upon the witness by defendant.   It occupies eight folios of the transcript.   The cross-examination appears to have been in regard to many trivial matters, consists of one hundred and forty questions, and covers sixty folios of the transcript.   After several apparent repetitions of questions the district attorney finally objected, and stated that the entire matter concerning which questions were then being asked had been gone into by defendant's counsel.   Thereupon the record shows the following in regard to the matter and nothing more:

9 Cal. App.—15

"The Court: The court warns you that you have wasted too much time in the examination of this witness, and I have allowed you fifteen minutes more to complete the examination.

"Mr. Earle: We will take an exception.

"The Court: If there is any other branch of the case you desire to cross-examine on, proceed.

"Mr. Earle: That is all—to which ruling defendant duly excepted, and now assigns said ruling as error."

While the right of cross-examination in cases where it is being used in good faith for the purpose of eliciting the truth from a reluctant, evasive or interested witness should be allowed with great liberality, still the court, in the exercise of its sound discretion, may restrain such cross-examination when time is being consumed by a tedious or apparently frivolous questioning of the witness. It may be further said that it is the duty of the trial judge to confine such examination to such questions as will tend, at least in some degree, to throw light upon the matter under investigation, and to see that the trial is not needlessly prolonged by a useless cross-examination. In this case the court did not abuse its discretion. It merely called the attention of counsel to the fact that much time had been wasted in the cross-examination. After defendant's counsel had excepted to this remark the judge stated that if there was any other branch of the case that counsel desired to cross-examine the witness about, they might proceed. Counsel did not see fit to proceed as to any other branch of the case, but remarked, "That is all." No question is stated in the record to which the court sustained an objection on the ground that defendant could not be allowed further time in cross-examination; nor does it appear that defendant was prevented from asking any material question of the witness. What has been stated applies to the remark of the court and counsel during the cross-examination that they were wasting too much time in such cross-examination. The remark appears to have been justified.

In the cross-examination, in answer to questions asked by defendant's counsel, the witness Lena Wilson testified that the man who assaulted her was about the size of her son, who was apparently in the courtroom, and that he was between five and six feet tall—about five and a half feet, and that he was between thirty and forty years of age—probably nearer

forty than thirty. Counsel afterward asked the witness in further cross-examination if she did not tell her daughter that the man who assaulted her was about five feet four inches in height, and between thirty and thirty-five years of age. The court sustained the objection of the district attorney to the questions so asked, and it is claimed that the court committed error prejudicial to the defendant in so doing. The questions were not material, as the statements, if made to the daughter as contended, would not be of sufficient importance to impeach the witness. Five feet four inches is between five and six feet, and may be said in one sense to be about five and a half feet; and between thirty and thirty-five years of age is between thirty and forty. The questions are illustrative of the kind of questions which counsel were asking when interrupted by the court.

There was no error in permitting a copy of the information to be filed in lieu of the one destroyed by the fire of April 18, 1906. There was evidence sufficient to show the destruction of the original by the fire, and that the copy was a ''full, true and correct copy of the original.'' The record does not show that any exception was taken to the order restoring the record as to the original information; but it is not necessary to place our ruling upon that ground.

There is no ruling to which our attention has been called that was prejudicial to defendant, and he seems to have had a fair trial.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1908, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 14, 1908.