## DENNING v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 14, 1918.)

### No. 3176.

1. COURTS ⬤⟐376—FEDERAL COURTS—EVIDENCE—STATE STATUTES.
    State statutes regulating the admission of testimony in criminal cases have no application to the trial of such cases in federal courts.

2. WITNESSES ⬤⟐61(1)—COMPETENCY—WIFE.
    While at common law a wife was not a competent witness directly to criminate her husband or to disclose marital communications, except in cases of violence upon her person, yet in a prosecution for violation of the Mann Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1916, §§ 8812–8819]), where it was charged that accused feloniously induced his wife to go from one place to another in interstate commerce for purposes of prostitution, the wife is a competent witness, for accused's offense would result in most grievous injury to the wife's person.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Elmer Denning was convicted of having feloniously persuaded and induced a woman to go from one place to another in interstate commerce for the purpose of prostitution, and he brings error. Affirmed.

⬤⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John F. Weeks, of El Paso, Tex. (Hudspeth & Harper and Chas. Owen, all of El Paso, Tex., on the brief), for plaintiff in error.

R. E. Crawford, Asst. U. S. Atty., of El Paso, Tex.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. Plaintiff in error was convicted upon the charge of having feloniously persuaded and induced a woman to go from one place to another in interstate commerce for the purpose of prostitution. The woman was his wife. The wife was called as a witness, and her testimony, with other evidence in the case, was sufficient to sustain the verdict. If her testimony be rejected, the evidence is insufficient.

[1] The conviction was had in the Western district of Texas, and plaintiff in error suggests that the rules of evidence to be applied are articles 774 and 775 of the Code of Criminal Procedure of Texas of 1895, regulating the circumstances under which the wife might testify against her husband. Texas authorities interpreting these articles are cited to the effect that the wife cannot give testimony against her husband, except in cases involving physical violence to her person. It is perfectly clear, from the decisions of the Supreme Court of the United States, that state statutes regulating the admission of testimony in criminal cases have no application to the trial of such cases in federal courts. United States v. Reid, 12 How. 361, 13 L. Ed. 1023; United States v. Logan, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429.

[2] The specific question here presented has not been passed upon by the Supreme Court, and there is divergence of opinion among the Circuit Courts of Appeal. As strong a statement of the common law, which we assume to be applicable, as can be made, is the language of Justice McLean in the case of Stein v. Bowman, 13 Pet. 209, 10 L. Ed. 129, to the effect:

"It is, however, admitted, in all the cases, that the wife is not a competent" witness, "except in cases of violence upon her person, directly to criminate her husband, or to disclose that which she had learned from him in their confidential intercourse." "This rule," says the court, "is founded upon the deepest and soundest principles of our nature—principles which have grown out of those domestic relations that constitute the basis of civil society, and which are essential to the enjoyment of that confidence which should subsist between those who are connected by the nearest and dearest relations of life."

Justice Brewer, in the case of Bassett v. United States, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762, used this language:

"And the common-law exception to the silence upon the lips of the husband and wife was only broken, as we have noticed, in cases of assault of one upon the other."

Continues the court:

"Polygamy and adultery may be crimes which involve disloyalty to the marital relation, but they are rather crimes against such relation than against the wife."

The common law had no occasion to deal specifically with the matter under consideration, and any rule which is now to be applied must be

the result of an application of its principles. The question to be determined is whether the offense here under consideration is also a crime "against the wife," or merely a crime "against the marital relation."

The first case brought to our attention specifically ruling upon the matter here involved is U.. S. v. Rispoli (D. C.) 189 Fed. 271, wherein District Judge McPherson permitted the wife to testify, holding that, in cases where the wife's personal rights were concerned, the exceptions should be benevolently regarded, and that the—

"offense in question was essentially within the spirit of the long-established rule that allows her to testify in protection or in vindication of her right to be secure in her person against threat or assault, even by her husband."

In Cohen v. United States, 214 Fed. 29, 130 C. C. A. 423, the Circuit Court of Appeals for the Ninth Circuit held:

"That the personal injury to a wife which permits the admission of her testimony against her husband, within the exception recognized at the common law, * * * is not confined to cases of personal violence, but may include cases involving a tort against the wife, or a serious moral wrong inflicted upon her,"

and that she could testify against him in a case of the kind here under investigation.

A different conclusion was reached by the Circuit Court of Appeals for the Eighth Circuit in Johnson v. United States, 221 Fed. 250, 137 C. C. A. 106, and in United States v. Gwynne (D. C.) 209 Fed. 993, it was held that, where the offense was committed before marriage, the wife could not testify.

In the case of Lord Audrey, found guilty of rape against his own wife by having instigated another to the act of violence, the question having arisen upon his trial before the House of Lords, the judges ruled:

"In a criminal cause of this nature, where the wife is the party grieved, and on whom the crime is committed, she is to be admitted as a witness against her husband."

It must be held that it is within the reason of the common-law exception to the rule of incompetency to permit the wife to testify against the husband when the commission of the offense charged against the latter is an act directed against the person of the former. It cannot be that the common law would protect the wife against a single act of violence, and not against a system of assaults; against an act that brought merely mortification and shame, and not against a series of acts which brought degradation and destruction of body and soul; against a single essay at crime, and not against a continuing effort at pre-eminence in infamy.

The offense cannot be classed with those which merely offend the marital relation. It operates immediately and directly upon the wife. It is an offense against the wife. A primary purpose of the Mann Act was to protect women who were weak from men who were bad. Its protection was not confined to unmarried women. Its punishment was not intended to be limited to unmarried men. Men led by cupidity to the base crime have utilized marriage in the accomplishment of their ends. They should not be permitted to use marriage to prevent their

punishment. They should not be permitted to invoke a sacred institution, and the rules established for its protectic , to secure immunity from punishment for the most infamous crime that could be devised for its degradation.

In the absence of an authoritative expression from the Supreme Court, we hold that a woman is as much entitled 'to protection against complete degradation as against a simple assault. The evidence was properly admitted.

The judgment is affirmed.