[Crim. No. 1841.   Third Dist.   Oct. 19, 1943.]

## THE PEOPLE, Respondent, v. RUDOLPH LEE TIDWELL et al., Appellants.

Thomas F. O'Hara for Appellants.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Appellants were found guilty upon an information charging them with a violation of section 266f of the Penal Code in that they did "wilfully and unlawfully and feloniously sell a female person, to wit, Sue Willia Tidwell, for immoral purposes." This appeal is from the judgment which followed said conviction.

The only witness in the case was Sue Willia Tidwell, the wife of appellant Tidwell. Neither of appellants testified. The facts, as testified to by Mrs. Tidwell, are substantially as follows:

She and appellant Tidwell arrived in Vallejo from Bakersfield on September 13, 1942, and moved into the home of her cousin, Mrs. Ward. That same evening they met appellant Johnie Smith at the "Knotty Pine," a cafe where drinking and dancing were indulged in, and Mrs. Tidwell and her hus-

band danced there. Between dances they sat at a table, and the defendant Smith came into the place and told Tidwell that he wanted to see him for a few minutes. They went outside but were not gone very long. The defendant Tidwell returned to the cafe alone and told Mrs. Tidwell to get her hat and coat as they were going for a ride. They went outside and got into a car in which two sailors were seated in the rear seat; defendant Smith drove the car and Mrs. Tidwell sat between Smith and her husband in the front seat. Defendant Smith drove to Smith's house in Vallejo the entrance to which was through an alley. There was no conversation during the ride from the "Knotty Pine" to Smith's house. Defendant Tidwell took his wife to Smith's room which had in it a bed, a table, a two burner stove, a dresser, some suitcases and mirrors. The defendant Smith and the two sailors remained outside the room. This was about 9:30 o'clock p. m. Then defendant Smith entered the room and said to defendant Tidwell "It would be a swell setup and nobody would know anything about it." At this point defendant Smith went out of the room and Mrs. Tidwell and her husband remained alone. Immediately after Smith's departure Tidwell told his wife that she would have to sell herself to the sailors for money. She protested and then he struck her and told her she had to do it or he would kill her, and that if she told anybody he would kill her, and that if he got caught he would have to go to the penitentiary. He then gave her instructions as to how to conduct her nefarious affairs with the sailors. He further told her that he could see no reason why he should work when he could make such easy money. Thereupon he went out of the room.

As the defendant husband left the room a sailor came in with defendant Smith. Smith told the sailor that he had to have 50¢ for the use of the room, and the defendant Tidwell collected $5.00 from the sailor, obviously the price of using his wife. Pursuant to this scheme and plan of the defendants and the threat made upon the prosecuting witness by her husband, she had intercourse with the first sailor that entered the room. After the first sailor had completed his purpose he left the room and the other sailor entered. As he arrived at the entrance to the room, Tidwell collected $5.00 from him also, and the defendant Smith appeared at the room and collected 50¢ from the second sailor for the use of the room. After the defendants had collected the above sums the prose-

cuting witness had sexual intercourse with the second sailor, and thereafter the two sailors departed.

After the prosecuting witness had concluded such operations with both sailors her husband returned to the room and told his wife they were returning to the "Knotty Pine" cafe and when she arrived outside she found that the two sailors were still there. She, the two sailors and the two defendants returned to the "Knotty Pine." When they arrived at the "Knotty Pine" the sailors separated from the other three and the defendant Tidwell gave the defendant Smith $3.00; this took place in front of the cafe.

When Mrs. Tidwell was called as a witness, appellants objected to any testimony being given by her upon the ground that under section 1322 of the Penal Code and section 1881 of the Code of Civil Procedure she was not competent to testify as she was the wife of the defendant Tidwell. This objection was overruled by the court and the witness thereupon testified as hereinbefore set forth. At the conclusion of her testimony the People rested and defendants made a motion for a directed verdict of "not guilty," which motion was denied by the court.

The sole ground upon which appellants rely for a reversal of the judgment is that the court erred in permitting the wife of appellant Tidwell to testify. Respondent concedes that the judgment must be reversed as to both appellants if the wife was not a competent witness. Section 1322 of the Penal Code reads as follows:

"Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both, or in case of criminal actions or proceedings for a crime committed by one against the person or property of the other, whether before or after marriage or in cases of criminal violence upon one by the other, or upon the child or children of one by the other or in cases of criminal actions or proceedings for bigamy, or adultery, or in cases of criminal actions or proceedings brought under the provisions of section[s] 270 and 270a of this code or under any provisions of the 'Juvenile Court Law.'"

The question to be here determined is whether or not the crime with which appellants were charged was a crime against the person of the wife. Appellants contend most earnestly that "Section 266f has for its object and purpose the prohibition or prevention of a person selling a female person for

immoral purposes'' and that ''the illicit nature of the act consists in the placing in custody for immoral purposes and for valuable consideration, and not the fact that the act indirectly concerns the body or person of the female.'' Appellants argue that section 266f cannot be construed as a crime against the person and that it is, therefore, not within the exception of section 1322 which permits a husband or wife to be a competent witness for or against the other in a criminal action for a crime committed by one against the other. So far as we are aware, this precise question has not been decided by any appellate tribunal in this state.

Prior to its amendment in 1911, section 1322 of our Penal Code provided that neither husband nor wife was a competent witness in a criminal action except ''in cases of criminal violence upon one by the other.'' But the amendment of 1911 changed that part of the section to read ''except with the consent of both, or in case of criminal actions or proceedings for a crime committed by one against the person or property of the other, or in cases of criminal violence upon one by the other. . . .'' The amendment of 1911, in our opinion, shows the intention of the Legislature to broaden the exceptions so that one spouse may testify against the other in cases other than those involving criminal violence.

The specific charge against appellants was that they had sold Mrs. Tidwell, wife of appellant Tidwell, for immoral purposes, and the testimony of Mrs. Tidwell was to the effect that appellant Tidwell had threatened to kill her if she did not permit the illicit acts. We have, therefore, a case in which a husband has virtually compelled his wife to submit to a violation of her person. Can it be held, reasonably, that this is not a crime committed by the husband against the person of the wife? We do not think so. To so hold would be contrary not only to a sound and enlightened public policy, but would also be contrary to the meaning and intent of section 1322, *supra*.

We believe that the language of the United States Circuit Court of Appeals in *Denning* v. *United States*, 247 F. 463 [159 C.C.A. 517], is quite applicable to the case at bar. That case involved a violation of the Mann Act, and defendant was there charged with having persuaded his wife to go from one state to another for the purpose of prostitution. His conviction was based upon the testimony of his wife, and the question upon appeal was whether the wife was a competent wit-

ness. In holding that the wife was a competent witness in such a case the court said, at page 465:

"The offense cannot be classed with those which merely offend the marital relation. It operates immediately and directly upon the wife. It is an offense against the wife. A primary purpose of the Mann Act was to protect women who were weak from men who were bad. Its protection was not confined to unmarried women. Its punishment was not intended to be limited to unmarried men. Men led by cupidity to the base crime have utilized marriage in the accomplishment of their ends. They should not be permitted to use marriage to prevent their punishment. They should not be permitted to invoke a sacred institution, and the rules established for its protection, to secure immunity from punishment for the most infamous crime that could be devised for its degradation."

And in the case of *Cohen* v. *United States*, 214 F. 23 [130 C.C.A. 417], in which case a writ of certiorari was denied by the United States Supreme Court, the court said, at page 29:

"We are of the opinion that the personal injury to a wife which permits the admission of her testimony against her husband, within the exception recognized at the common law . . . is not confined to cases of personal violence, but may include cases involving a tort against the wife, or a serious moral wrong inflicted upon her, and that in a case of the prosecution of a man for bringing his wife from one state to another with intent that she shall practice prostitution, in violation of the White Slave Act, his act in so doing is such a personal injury to her as to entitle her to testify against him."

Our conclusion is that the trial court did not err in permitting the wife of appellant Tidwell to testify in the case, and this makes it unnecessary to discuss any other arguments advanced in the briefs.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.