[Civ. No. 13356.   First Dist., Div. Two.   Feb. 7, 1947.]

CARL ABBOTT, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Lewis E. Lercara for Petitioner.

Ralph E. Hoyt, District Attorney, Arthur H. Sherry, Assistant District Attorney, and John S. Cooper, Deputy District Attorney, for Respondent.

DOOLING, J.—This petitioner is one of the eighteen defendants joined in the indictment attacked in *Stern* v. *Superior Court*, (*ante*, p. 9 [177 P.2d 308]). He is an attorney at law and acted as his codefendant Stern's attorney from September, 1944. On his motion to quash the indictment counts 2, 4, and 5 were ordered quashed as to him.

The evidence as to this defendant shows that he visited Stern's place of business in Oakland and was present in his operating room immediately after an abortion had been performed and that he sent a pregnant woman to Stern for the purpose of having Stern perform an abortion upon her. It may be conceded, without deciding the question, that these facts, standing alone, would not be sufficient to support the indictment returned against him. The crux of his argument is that the evidence about to be discussed constituted a privileged communication between petitioner as attorney and Stern, his client, communicated through Mary Tracy, an employee of Stern.

According to this evidence about August 1, 1946, Stern directed Miss Tracy to go to petitioner's office. Miss Tracy had a friend named Medsker who had learned of Stern's illegal business and had reported that fact to members of the Oakland Police Department. Petitioner told Miss Tracy that he wanted to figure out a way to get Medsker out of town, "because, he said, he would go back to the City Hall and keep talking until he would get us all in trouble and ruin our protection." Petitioner then advised Miss Tracy to go to Medsker and tell Medsker that she was pregnant by him, that Stern had left town, and to suggest to Medsker that she and he leave the state together. It was further suggested that if she persuaded Medsker to go with her she could leave the train at Sacramento and petitioner would meet her there. Petitioner then said he would call a certain police officer and see if they could figure something out together. He attempted to call this officer on the telephone but was unable to reach him. He then asked Miss Tracy to inform Stern that he would see this officer

in court the next morning and would then telephone to Stern.

This evidence, if believed, is sufficient to establish that petitioner was an active member of the conspiracy to violate the law prohibiting abortions and was counseling a fellow member of the conspiracy in an attempt to further its illegal purposes. Under the law as settled in every common law jurisdiction whose courts have considered the question this evidence was not within the attorney-client privilege. The continuous and unbroken stream of judicial reasoning and decision is to the effect that communications between attorney and client having to do with the client's contemplated criminal acts, or in aid or furtherance thereof, are not covered by the cloak of this privilege. (8 Wigmore on Evidence, 3d ed., § 2298, p. 573 et seq.; 3 Wharton's Criminal Evidence, 11th ed., § 1233, p. 2094; Underhill's Criminal Evidence, 4th ed., § 237, p. 646; Jones on Evidence, 3d ed., § 753, p. 1159; 70 C.J., Witnesses, § 560, p. 418; 28 R.C.L., Witnesses, § 158, p. 568; 125 A.L.R. 508 et seq.)

Some of the cases hold that as a foundation for such evidence there must be a prima facie showing of the criminal activities of the client. (See 125 A.L.R. 519.) The evidence of Stern's criminal activities was detailed and voluminous. (See *Stern* v. *Superior Court, ante,* p. 9 [177 P.2d 308].) The privilege, where it exists, is the client's, not the attorney's, and if it results in the protection of the attorney it does so only accidentally as a result of the assertion of the client's right. Here the client's privilege does not exist and the attorney is in no position to assert a privilege on his own behalf.

The argument that the uncorroborated testimony of an accomplice will not support an indictment and the complaint that hearsay evidence was admitted against this petitioner are sufficiently discussed in *Stern* v. *Superior Court, supra, ante,* p. 9 [177 P.2d 308].

The alternative writ is discharged and the petition for a writ of prohibition is denied.

Nourse, P. J., and Goodell, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 3, 1947. Carter, J., voted for a hearing.