[Crim. No. 2340.   Third Dist.   Feb. 27, 1953.]

THE PEOPLE, Respondent, v. MERLE PITTULLO, Appellant.

Jesse E. Fluharty for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was charged by information with two counts of assault with a deadly weapon, one against J. E. Davidson and the other against Elvira Pittullo, the wife of appellant. On trial the jury returned a verdict of guilty as to each count. Motions for new trial were made and denied

and the appellant was sentenced to imprisonment in the state prison. He appeals from said judgment and order.

Appellant and Elvira Pittullo were married in May, 1951, and by August 18, 1951, the date of the alleged assaults they had separated and Elvira was living in Yreka with her foster child. She testified that on the evening of that day she, in company with her foster daughter, her mother and Davidson, entered her home; that when she entered her front bedroom the door of the clothes closet flew open and appellant came out with a rifle aimed at her; that he said "I will git you, you s——s of b——es," whereupon she cried out "Oh my God, he has got a gun!"; that Davidson came in from the living room and grasped the gun by the barrel; that she also grasped the barrel of the gun; that Davidson pushed appellant backward onto the bed; that appellant maintained his hold on the stock of the gun and pulled the trigger, the shot going into the wall; that Davidson and she then succeeded in taking the gun from the appellant and she went with it to a neighbor's house, giving the gun to the neighbor, after which she called the sheriff. Davidson testified that he heard a shout from the bedroom, got up from a chair in which he was sitting in the living room and as he got to the bedroom door found a gun aimed at him; that appellant was holding the gun; that he ducked and grabbed the end of the gun barrel with his left hand and shoved appellant back onto the bed with his right hand; that there then ensued a struggle for the gun; that Elvira and her mother were in the room as the struggle went on; that appellant held the stock of the rifle to his right shoulder with his hand and finger on the firing mechanism; that during the struggle a shot was fired from the gun; and that he then succeeded in wresting the gun from appellant.

Appellant first challenges the sufficiency of the evidence to sustain the conviction as to the assault upon Davidson. There is no merit in the claim. "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Pen. Code, § 240.) If the assault be committed with a deadly weapon the offense is punishable by imprisonment in the state prison or in a county jail. (Pen. Code, § 245.) ■ A gun capable of being instantly fired is a deadly weapon. (5 Cal.Jur.2d "Assault and Battery" p. 226.) ■ The foregoing evidence from which it directly appeared or could be inferred that appellant entered the home of his estranged wife, concealed himself in a clothes closet, with a loaded rifle, lay in wait until she entered

the bedroom, burst out and pointed the gun at her, declaring "I will git you, you s——s of b——es" and then, when at her outcry Davidson came in, aimed the deadly weapon at Davidson and during the struggle fired the gun, was ample to sustain the conviction as to each crime charged. (*People* v. *Wells*, 145 Cal. 138 [78 P. 470].)

During the direct examination of appellant's wife, appellant objected to her evidence being admitted against him. It is difficult to understand this assignment. Mrs. Pittullo was a competent witness as to the assault against Davidson. She was also a competent witness as to the assault against herself, since even though she was the wife of the appellant yet she could testify as to the assault upon her. By the express language of section 1881, subdivision (1), of the Code of Civil Procedure the general disqualification of a spouse as a witness against the other spouse has no application in a criminal action for a crime committed against another person by such spouse while engaged in committing a crime against the other spouse. It is clear from the evidence that any assault committed against Davidson occurred during the assault against appellant's wife.

Appellant contends there was error in admitting the testimony of his wife as to prior threats to take her life made against her by appellant. Mrs. Pittullo testified that shortly after their marriage in May of 1951 and while she was living with appellant he returned to their home intoxicated, compelled her to sit on the bed in their bedroom, took a rifle from the clothes closet and told her he was going to blow her brains out. She further testified that in July of 1951 and while the two were driving on the highway he pulled off to the side of the road, parked the car and said he had driven to Myrtle Point where she was, with the intention of killing her; he felt this was a good time to do it, and that he would dump her in the river below the road where there would be no way of finding her. These episodes, proximate in point of time to the assault charged in the information, were admissible as tending to prove the intent with which he acted at her home on the occasion covered by the information. (*People* v. *Collins*, 80 Cal.App.2d 526 [182 P.2d 585].) There was no error in admitting the testimony objected to.

Appellant complains that the trial court prejudicially limited him in his cross-examination of his wife. He sought to question her concerning the way in which he was taken from the bedroom by the sheriff's officers on their arrival, as to

whether or not he had carpenter tools at her home and had purchased some furniture for use therein, and concerning conversations between himself and the other persons present after he had been subdued and prior to the time the officers arrived. These matters had not been touched upon in direct examination and the court was therefore warranted in excluding them from cross-examination since the record does not show them to have been even inferentially connected with the matters covered on direct examination. (Code Civ. Proc., § 2048; *People* v. *Melone,* 71 Cal.App.2d 291 [162 P.2d 505].)

■ Appellant complains that the court erred in excluding evidence that notwithstanding their estrangement, marital relations continued between himself and his wife up to the date of the alleged offense. The trial court was well within its discretion in excluding this evidence. Appellant's announced purpose in seeking to cross-examine his wife upon these matters was, as he put it, to rebut the wife's testimony that she was living separate and apart from her husband. There was no dispute in the record but that she rented the home in which the crimes were alleged to have been committed and that appellant did not live there with her. The matters sought to be elicited would not have rebutted her testimony that such was the fact. None of these matters had been touched upon in the direct examination and when objections were sustained appellant did not point out wherein the cross-examination attempted was proper although he now claims that he was endeavoring to rebut the testimony of Mrs. Pittullo. That it would rebut such testimony does not appear from the record and appellant is therefore in no position to claim the court was in error in its rulings which were based upon the proposition that the cross-examination was as to matters not touched upon in direct.

■ Appellant contends that he was unduly limited in his cross-examination of Davidson as to the relative position of various persons when Davidson first became aware of the presence of the defendant in the bedroom and as to the part that Mrs. Pittullo and Mrs. Crewdson played in manhandling the appellant during the struggle over the gun. It is sufficient to say that the record discloses cross-examination upon these and related matters was full and complete for all practical purposes and the court did not halt the examination until it became repetitious. This ruling therefore was within the discretion of the court. (*People* v. *Smith,* 9 Cal. App. 224 [98 P. 546].)

██ Over appellant's objection the trial court admitted in evidence the contents of what purported to be a restraining order issued by the superior court in an action brought by Mrs. Pittullo against the appellant for divorce. The order purported to restrain appellant from visiting, molesting, annoying or harming his wife. This order should not have been admitted. It appeared it was granted ex parte and it appeared further that the order had been terminated prior to the date of the offenses alleged. Upon this coming to the court's attention the court admonished the jury to disregard the evidence. Under the circumstances the error in admitting the order cannot be regarded as prejudicial.

██ Appellant denied that he had ever made any threats against his wife and particularly denied the incident she testified to when she said he stopped his car along the highway in July and threatened to kill her. Near the close of the trial appellant requested a few hours' continuance to permit certain witnesses to arrive who were coming from a distance. This was refused. These witnesses arrived after the case was closed and arguments had been completed, but before the jury had been instructed. The court refused to reopen the case for the purpose of taking their testimony. From the offer of proof it is made to appear that these witnesses would have directly or inferentially contradicted certain statements made by appellant's wife concerning the prior assaults she said had occurred. The weight of such testimony would clearly have been slight with respect to the merits of the cause, but undoubtedly had the witnesses been present their testimony would have been received. The court so stated. When they did arrive, however, the arguments had been closed and the court was ready to instruct the jury. Under the circumstances, therefore, we could not say that the court was required to reopen the cause to admit the testimony of these witnesses on such minor matters.

██ Appellant offered an instruction which in effect told the jury to disregard, so far as Davidson was concerned, the testimony as to one of the prior assaults upon her to which appellant's wife had given evidence. The instruction was refused. Appellant complains that such action of the court must have misled the jury into assuming that such evidence carried over to Davidson and therefore they could assume that appellant had conceived some scheme or plan to injure or assault Davidson. We think the jury could not have been so misled. There was no evidence that David-

son was in anywise concerned with or about the marital differences that arose between appellant and his wife and we think the jury could be safely entrusted not to consider the testimony as against Davidson. It must have been as apparent to them as it was and is to appellant that the testimony of the prior altercations between appellant and his wife had no effect so far as Davidson was concerned.

In support of his appeal from the denial of his motion for a new trial the appellant relies upon the following matters: Considerable testimony had been introduced by the prosecution to the effect that the house had been left securely locked, that the keys were all in the possession or under the control of Mrs. Pittullo and that appellant had gained entry by breaking a bedroom window. The motion for new trial was based on the ground of newly discovered evidence. Affidavits were presented showing that appellant on the day of the alleged offenses had in his possession a key to the front door. If this were true it could not constitute newly discovered evidence since appellant must have known he had the key. It was likewise made to appear by affidavit that one other key was in the possession of a third person which would also unlock the front door of the dwelling. The appellant had testified that he had gained entrance to the house through the open front door. While the method of appellant's entry into the residence was material, as from the prosecution's witnesses the inference could be drawn that he broke into the dwelling, thus indicating wrongful intent, he had ample opportunity to testify during the trial concerning his possession of the key and did not do so. The court was fully justified in denying the motion for new trial. (*People* v. *English,* 68 Cal.App.2d 670 [157 P.2d 429].)

The judgment and the order appealed from are and each of them is affirmed.

Peek, J., and Schottky, J., concurred.