[Crim. No. 2966. First Dist., Div. One. June 30, 1954.]

THE PEOPLE, Respondent, v. ROBERT MARSHALL, Appellant.

Robert Marshall, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

BRAY, J.—In the Superior Court of Alameda County appellant was charged in an information with two felony counts: (1) assault with a deadly weapon with intent to commit murder on Sammie L. Boykin; (2) a similar assault on Rosa Lee Boykin. A prior felony conviction of burglary in the state of West Virginia was also charged. While represented by the Public Defender of Alameda County, appellant pleaded guilty under both counts to assault with a deadly weapon and admitted the prior conviction. No appeal was

ever taken from the judgments entered on his pleas. On September 22, 1950, he was sentenced to the state prison. On May 26, 1953, in propria persona he petitioned said superior court for a writ of error *coram nobis* to vacate the said judgments and sentences. The matter was heard upon his petition, the accompanying exhibits, the records of the court, and upon certain affidavits filed in opposition to the petition. He appeals from the order denying that petition.

We can find no error in the action of the trial court in denying the petition. Appellant contends his pleas of guilty should be set aside for five reasons: First, he contends that he has new medical evidence which shows that he was mentally deranged at the time he pleaded guilty. The medical records, merely dealing with a physical condition, which he attaches to his petition, fail to support this contention. Secondly, he contends he was denied effective aid of counsel in that the public defender was completely incompetent. There is no support for this contention. Thirdly, he contends the court erred at the preliminary hearing in admitting the testimony of the woman he claims was his wife. He would apply the portion of section 1881, subdivision 1, Code of Civil Procedure, which prohibits a wife from testifying against her husband without his consent, but would completely ignore the exception there stated to the rule—"this exception does not apply to . . . a criminal action or proceeding for a crime committed by one against the other . . ." The victim in the second count of the information is the woman whom appellant claims to be his wife. Fourthly, he contends his confession (apparently used at the preliminary examination) was obtained by promises of proper medical and diabetic care. The affidavits filed in opposition to the petition refute this contention. Fifthly, he contends his plea of guilty was prompted by the promise of the public defender that he would receive only a light sentence if he pleaded guilty. This is refuted by the affidavit of the public defender.

Practically all of these contentions were raised and denied in a prior application to the Alameda County Superior Court for writ of error *coram nobis*, which proceeding was considered by the trial court in this matter. Moreover, the records of other courts show that since his conviction he has made six applications for writs of habeas corpus to the following courts respectively: United States Supreme Court, United States District Courts (two applications), Sacramento County Superior Court, California District Court of Appeal (two ap-

plications). In addition, the United States District Court and the United States Circuit Court denied a certificate of probable cause, and the United States Supreme Court denied an appeal therefrom. It would appear that as said in *Vernon* v. *Rappaport*, 25 Cal.App.2d 281 [77 P.2d 257], appellant's right to raise these contentions and the right of the courts to rule on them "has been 'exercised and exhausted.' " (P. 284.)

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1954.