EDUARDO RAMÍREZ ALVARADO, Petitioner and Appellant, *v.* GERARDO DELGADO, ETC., Respondent and Appellee.

No. AP-66-25.     Decided September 5, 1967.

*Edna Abruña Rodríguez, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellant.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The principal ground of this appeal is the lack of legal assistance during the prosecution. Petitioner-appellant was accused of the crime of murder in the first degree for having murdered his wife's concubine; of the crime of assault to commit murder against her, and of the crime of carrying weapons. After a public trial of six days petitioner-appellant was found guilty of the crime of murder in the second degree, of the crime of assault to commit murder, and of the crime of carrying weapons. The transcript of the evidence introduced during the trial in the court of first instance in the San Juan Part of the Superior Court, shows that he had the proper legal assistance.

Petitioner-appellant complains that the trial court accepted his wife's testimony without his consent. Under § 402 of the Code of Civil Procedure of Puerto Rico (1933) as well as under § 40 of the Law of Evidence of Puerto Rico—

3 *Práctica Forense Puertorriqueña* 35 (1964)—the uniform rule throughout all our legislation is the following: A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent, but this provision does not apply to a criminal action or proceeding for a crime committed by one against the other.

The record of this appeal shows that there was an assault with weapons, committed against the concubine and petitioner-appellant's wife jointly, that the concubine was shot to death and the woman escaped by hiding behind a wardrobe. The jury's verdict corroborates the version of the evidence for the prosecution. The legal text which we have cited, creates an exception to the general rule when an assault has been committed on the wife by the husband, notwithstanding the passional provocation surrounding the assault. See: 3 Wharton, Criminal Evidence 117, § 780 (12th ed. 1955); *People* v. *Pittullo*, 253 P.2d 705, 707 (Van Dyke) (1953); *Young* v. *Superior Court*, 12 Cal. Reptr. 331, 333–335 (Bray) (1961).

For the reasons stated the judgment rendered on July 5, 1962, by the San Juan Part of the Superior Court of Puerto Rico, in civil case No. 62-2548 of said Part, will be affirmed.