EDUARDO RAMÍREZ ALVARADO, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-66-25      *Resuelto:* 5 de septiembre de 1967

*Edna Abruña Rodríguez, E. Armstrong de Watlington y Enrique Miranda Merced,* abogados del apelante.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El fundamento principal de este recurso es la falta de debida asistencia de abogado durante el proceso. El peticionario apelante estuvo acusado por un delito de asesinato en primer grado por haber dado muerte al concubino de su

mujer; por un delito de ataque para cometer asesinato contra la misma y por un delito de portar armas. Después de un proceso público de seis días el peticionario apelante fue declarado culpable de un delito de asesinato en segundo grado, de un delito de ataque para cometer asesinato y de un delito de portar armas. La transcripción de la prueba presentada durante la vista en primera instancia del recurso ante la Sala de San Juan del Tribunal Superior, demuestra que tuvo una debida asistencia de abogado durante el proceso.

El peticionario apelante se queja que se aceptara por el tribunal sentenciador el testimonio de su mujer sin el consentimiento de él. Tanto bajo el Art. 402 del Código de Enjuiciamiento Civil de Puerto Rico (1933), como bajo la Sec. 40 de la Ley de Evidencia de Puerto Rico—3 P.F.P. pág. 35—la regla uniforme a través de toda nuestra legislación es la siguiente: Un marido no podrá ser examinado a favor ni en contra de su mujer, sin el consentimiento de ésta; ni una mujer a favor ni en contra de su marido, sin el consentimiento de éste, pero esta disposición no será aplicable a una acción o procedimiento criminal por un delito grave cometido por uno de ellos contra el otro.

Los autos de esta apelación demuestran que hubo una agresión a mano armada, perpetrada conjuntamente contra el concubino y la mujer del peticionario apelante; que el concubino fue abatido a balazos y la mujer se salvó escondiéndose detrás de un ropero. El veredicto del jurado corrobora la versión de la prueba de la acusación. El texto legal que hemos acotado, crea una excepción de la regla general cuando se trata de la agresión de un marido a su mujer, no empece el cuadro de provocación pasional que rodee a la agresión. Véanse: 3 Wharton's *Criminal Evidence*, Sec. 780 (pág. 117) (12a. edición 1955); *People* v. *Pittullo*, 253 P.2d 705 (Van Dyke) (1953), cita precisa a la pág. 707; *Young* v. *Superior Court*, 12 Cal. Rptr. 331 (Bray) (1961), cita precisa a las págs. 333–335.

    · *Por las razones expuestas se confirma la sentencia dictada el 5 de julio de 1962, por la Sala de San Juan del Tribunal Superior de Puerto Rico, en el recurso civil Núm. 62-2548 de dicha Sala.*