[Civ. No. 19563. Third Dist. Dec. 19, 1980.]

SHARON C. FORTES, Petitioner, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO
JUDICIAL DISTRICT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Blackmon, Wasserman & Blicker and Clyde M. Blackmon for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, E. Herbert Jackson, District Attorney, and Terry A. Appling, Deputy District Attorney, for Real Party in Interest.

OPINION

BLEASE, J.—Sharon C. Fortes (Sharon) seeks inter alia a writ of mandate directing the municipal court to vacate its order overruling her claim of spousal privilege (Evid. Code, §§ 970, 971) and requiring her to testify against her husband at his preliminary hearing. We grant the relief.

FACTS

Paul A. Fortes (Paul), petitioner's husband, was charged in a criminal complaint with commission of murder (Pen. Code, § 187) and burglary (Pen. Code, § 459). The prosecution sought to show at the preliminary hearing that in the early morning of December 13, 1979, he entered petitioner's residence, which he had shared with her until about three weeks before, and there shot and killed a male visitor.

Petitioner was subpoenaed by the prosecution to testify against her husband. She appeared at the hearing, but declined to testify, invoking

the statutory privilege not to be called as a witness against a spouse. (Evid. Code, § 971.[1]) The People claimed a statutory exception to the privilege under Evidence Code section 972, subdivision (e)(2),[2] which excepts from the claim of privilege a "criminal proceeding in which [the defendant] spouse is charged with" a crime against a third person "committed in the course of committing a crime against the...other spouse,..." The apparent theory was that Paul committed the murder "in the course of" committing a property offense (burglary) against Sharon.

The parties stipulated that Paul and Sharon were married and re-sided together in the dwelling which he was charged with burglarizing, until he left it voluntarily on November 20, 1979; that Sharon filed for dissolution of their marriage on November 27, obtaining a temporary restraining order barring Paul from the residence; and that the order expired by its terms on December 11, 1979, two days before the alleged offenses took place.

The magistrate held that, notwithstanding that he would not hold Paul to answer for the burglary of his own family dwelling (see *People v. Gauze* (1975) 15 Cal.3d 709 [125 Cal.Rptr. 773, 542 P.2d 1365]), the exception to the privilege applied, on the "concededly...literal" ground that the defendant was *"charged"* with burglary. The superior court denied relief holding that, under the rationale of *People v. Sears* (1965) 62 Cal.2d 737 [44 Cal.Rptr. 330, 401 P.2d 938], a "valid charge" of burglary could be made upon the stipulated facts.

[1]Evidence Code section 971 provides: "Except as otherwise provided by statute, a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding without the prior express consent of the spouse having the privilege under this section unless the party calling the spouse does so in good faith without knowledge of the marital relationship."

[2]Evidence Code section 972 provides: "A married person does not have a privilege under this article in: [¶] (a) A proceeding brought by or on behalf of one spouse against the other spouse. [¶] (b) A proceeding to commit or otherwise place his spouse or his spouse's property, or both, under the control of another because of the spouse's alleged mental or physical condition. [¶] (c) A proceeding brought by or on behalf of a spouse to establish his competence. [¶] (d) A proceeding under the Juvenile Court Law, Chapter 2 (commencing with Section 500) of Part 1 of Division 2 of the Welfare and Institutions Code. [¶] (e) A criminal proceeding in which one spouse is charged with: [¶] (1) A crime against the person or property of the other spouse or of a child of either, whether committed before or during marriage. [¶] (2) A crime against the person or property of a third person committed in the course of committing a crime against the person or property of the other spouse, whether committed before or during marriage. [¶] (3) Bigamy. [¶] (4) A crime defined by section 270 or 270a of the Penal Code."

■  We hold that where the factual or legal basis of an exception to a claim of privilege has been put in issue (Evid. Code, § 405) the People must make at least a prima facie showing of a commission of the offense or offenses which give rise to an exception. We conclude that no such showing has been made on this record. (*People* v. *Gauze, supra*, 15 Cal.3d 709.)

## DISCUSSION

### I

We face a threshold question concerning the meaning of Evidence Code section 972, subdivision (e)(2). It provides that a married person does not have a privilege not to testify (Evid. Code, § 971) *in "a criminal proceeding in which one spouse is charged with*: [¶] (2) A crime against the person ... of a third person committed in the course of committing the crime against the ... property of the other spouse, ..." (Italics added.)

The section excepts from the claim of privilege a criminal proceeding measured by the offenses at issue in the proceeding. The magistrate, focusing on the term "charged," made the charges in the accusatory pleading the exclusive measure of the offenses, without regard to their legal or factual merit. But, while the accusatory pleading is necessary to initiate a trial of a criminal offense of the kind specified in section 972, subdivision (e) (and to that extent is a test of the exception[3]), it is not a sufficient measure of a proceeding excepted from the claim of privilege. The charging document marks one end of "the criminal proceeding ... in which is charged" the offense excepting the proceeding from the privilege; the substance of the charge marks the other. As we shall show, section 972 must be read in the light of the Evidence Code procedures for testing the sufficiency of the claim of exception. We first look to the legislative history of relevant Evidence Code sections.

The exceptions contained in Evidence Code section 972 derive from former Code of Civil Procedure section 1881, subdivision 1, and Penal Code section 1322, which were superseded by the Evidence Code. (Stats. 1965, ch. 299, p. 1297; Cal. Law Revision Com. comment to

---

[3]We note that the complaint in this case fails such a test because it does not identify the petitioner as the subject of the burglary and does not state that the murder was committed "in the course" of the burglary.

Evid. Code, § 972, 29B West's Ann. Evid. Code (1966 ed.) p. 570 [hereafter West's Ann. Evid. Code]; 7 Cal. Law Revision Com. Rep. (1965) pp. 318, 366 [hereafter 7 Law Revision Rep.].)

In particular, the exceptions relating to criminal proceedings (Evid. Code, § 972, subd. (e)) "[restate] with minor variations...exception[s] that [are] recognized under existing law."[4] (Cal. Law Revision Com. comment to Evid. Code, § 985, West's Evid. Code, *supra*, p. 590.)

We first note that former Code of Civil Procedure section 1881, subdivision 1, and Penal Code section 1322 did not use the term "charged," but more broadly characterized the excepted proceeding as "a criminal ... proceedings *for* a crime" of specified kind. Cases interpreting the earlier provisions did not use the accusatory pleading as the exclusive measure of a proceeding excepted from the privilege (see *People* v. *Curiale* (1902) 137 Cal. 534, 536 [70 P. 468]; *People* v. *Ford* (1964) 60 Cal.2d 772, 785 [36 Cal.Rptr. 620, 388 P.2d 892]; *In re Kellog* (1940) 41 Cal.App.2d 833, 838 [107 P.2d 964]; *People* v. *Green* (1965) 236 Cal.App.2d 1, 19-20 [45 Cal.Rptr. 744]) unless the case arose on direct review of the accusatory pleading (*People* v. *Marshall* (1954) 126 Cal. App.2d 357 [272 P.2d 816] [writ to review plea of guilty]; ·*Young* v. *Superior Court* (1961) 190 Cal.App.2d 759 [12 Cal.Rptr. 331] [writ to review information]) and, even where the accusatory pleading facially "charged" an offense coming within an exception, the factual sufficiency of the claim was reviewed on appeal. (*People* v. *Schlette* (1956) 139 Cal.App.2d 165 [293 P.2d 79]; *People* v. *Pittullo* (1953) 116 Cal. App.2d 373 [253 P.2d 705]; *People* v. *Tidwell* (1943) 61 Cal.App.2d 58 [141 P.2d 969].)

Evidence Code section 918 preserves the right of review of "a ruling disallowing a claim of privilege ... under Section 970 or 971." Although the section, unlike previous law, extends the review to a spouse who is not the holder of the privilege, the section sanctions a review of the factual sufficiency of the claim of exception. (Cal. Law Revision Com. comment to Evid. Code, § 918, West's Ann. Evid. Code, *supra*, p. 505, citing to a discussion of the cases in 6 Cal. Law Revision Com. Rep. (1964) p. 525, fn. 5 [hereafter 6 Law Revision Rep.], which in-

---

[4]The exceptions in Evidence Code section 985 are substantially identical to those found in Evidence Code section 972, subdivision (e). Accordingly, the Evidence Code section 985 comment is applicable to the Evidence Code section 972, subdivision (e), exceptions.

cludes inter alia *People* v. *Mullings* (1890) 83 Cal. 138 [23 P. 229] and *People* v. *Warner* (1897) 117 Cal. 637 [49 P. 841].)

Evidence Code section 405[5] provides the procedural mechanism by which the sufficiency of a claim of privilege or an exception thereto may be litigated. The comment of the Assembly Committee on Judiciary to section 405, taken from the Law Revision Commission commentary (7 Law Revision Rep. at pp. 65-69) notes that "[s]ection 405 is generally consistent with existing law. Code Civ. Proc. § 2102 ...." and specifically embraces "Sections 900-1073—Privileges."

The Evidence Code treats the claim of marital privilege as tendering a question of preliminary *fact* for resolution by the trial court even where the same factual question is at issue in the trial itself. "The rules of admissibility being applied by the judge under Section 405 are designed to withhold evidence from the jury because it is too unreliable to be evaluated properly or because public policy requires its exclusion. The policies underlying these rules are served only by the exclusion of the evidence. No valid public or evidentiary purpose is served by submitting the admissibility question again to the jury. For example, the interspousal testimonial privilege ... exists to preclude a spouse from being involuntarily compelled to testify against the other spouse. The privilege serves its purpose only if the spouse does not testify. The harm the privilege is designed to prevent has occurred if the spouse testifies." (Assem. Com. on Judiciary com. to Evid. Code, § 405, West's Ann. Evid. Code, *supra*, p. 280.)

The comment to section 405 relies on *People* v. *MacDonald* (1938) 24 Cal.App.2d 702 [76 P.2d 121], in which the court analogized the function of the trial court in privilege cases to confession cases. "In those [confession] cases, as in the one before us, a mixed question of law and fact is presented which the trial judge must rule upon before

---

[5]Evidence Code section 405 provides: "... (a) When the existence of a preliminary fact is disputed, the court shall indicate which party has the burden of producing evidence and the burden of proof on the issue as implied by the rule of law under which the question arises. The court shall determine the existence or nonexistence of the preliminary fact and shall admit or exclude the proffered evidence as required by the rule of law under which the question arises. [¶] (b) If a preliminary fact is also a fact in issue in the action: [¶] (1) The jury shall not be informed of the court's determination as to the existence or nonexistence of the preliminary fact. [¶] (2) If the proffered evidence is admitted, the jury shall not be instructed to disregard the evidence if its determination of the fact differs from the court's determination of the preliminary fact.

the trial can proceed. The sufficiency of the evidence . . . is necessarily involved in a ruling on the objection to the admissibility of evidence." (*Id.*, at p. 705.)

Section 405 places the burden of proof of an *exception* to the spousal privilege not to testify upon the prosecution.[6] Whether that burden is met by a prima facie showing of a commission of the offense giving rise to the exception is not clear.

In *People* v. *Ford, supra*, 60 Cal.2d 772, the court reviewed the propriety of a Penal Code section 1322 exception in which the trial court "overruled the [claim of privilege] on the ground that defendant was *charged* with 'a crime committed . . . against the person . . . of' his wife [kidnaping]. . . ." (Italics added.) (*Id.*, at p. 785.) The court upheld the trial court's decision on the ground that the "charge (which is amply supported by the evidence) rendered admissible Mrs. Ford's testimony . . . ." It further said that "[b]ecause of this *prima facie* violation of the 'simple kidnaping' statute . . . the prosecution was able to introduce apparently damaging testimony of defendant's wife." (Italics added.) (*Ibid.*)

In other contexts, courts have demanded a prima facie showing of the unavailability of a claimed privilege, declining to permit "a mere charge of wrongdoing" to destroy the privilege. (*Clark* v. *United States* (1932) 289 U.S. 1, 14-16 [77 L.Ed. 993, 1000-1001, 53 S.Ct. 465] [claimed privilege as to jury deliberations]; *Abbott* v. *Superior Court* (1947) 78 Cal.App.2d 19, 20 [177 P.2d 317] [attorney-client privilege].)

We conclude that where the claim of exception to the privilege arises as a question of preliminary fact, the prosecution bears the burden of proof on the issue and must, *at the least*, make a prima facie showing of violation of the offense or offenses giving rise to the exception.

[6]"Under this code, as under existing law, the party claiming a privilege has the burden of proof on the preliminary facts. San Diego Professional Ass'n v. Superior Court, 58 Cal.2d 194, 199, 23 Cal.Rptr. 384, 387, 373 P.2d 448, 451 (1962) ('The burden of establishing that a particular matter is privileged is on the party asserting that privilege.'); Chronicle Publishing Co. v. Superior Court, 54 Cal.2d 548, 565, 7 Cal.Rptr. 109, 117, 354 P.2d 637, 645 (1960). The proponent of the proffered evidence, however, has the burden of proof upon any preliminary fact necessary to show that an exception to the privilege is applicable. But see Abbott v. Superior Court, 78 Cal.App.2d 19, 21, 177 P.2d 317, 318 (1947) (suggesting that a prima facie showing by the proponent is sufficient where the issue is whether a communication between attorney and client was made in contemplation of crime)." (Assem. Com. on Judiciary com. to Evid. Code, § 405, 29B West's Ann. Evid. Code (1966 ed.) p. 278.)

## II

To qualify for the exception in Evidence Code section 972, subdivision (e)(2), there must be a showing that (a) a burglary offense occurred against the petitioner; (b) a murder was committed; and (c) the murder was committed "in the course of" commission of the burglary. ■ We conclude that the People have failed to show that a burglary offense occurred against petitioner and therefore do not reach the other requirements of the section.[7]

In *People v. Gauze, supra,* 15 Cal.3d 709, the California Supreme Court held that an individual could not commit a burglary in his own home. "A burglary remains an entry which invades a possessory right in a building. And it still must be committed by a person who has no right to be in the building." (*Id.,* at p. 714.) Thus, the defendant there could not be convicted of burglary for entering his apartment to shoot his roommate. "His entry into the apartment, even for a felonious purpose, *invaded no possessory right of habitation;* only the entry of an intruder could have done so. More importantly, defendant had an *absolute right to enter the apartment.* This right, unlike that of the store thief in [*People v. ] Barry* [(1892) 94 Cal. 481 (29 P. 1026)], did not derive from an implied invitation to the public to enter for legal purposes. It was a personal right that could not be conditioned on the consent of defendant's roommates." (Italics added.) (*Ibid.*)

The *Gauze* opinion went on to discuss certain dicta in *People v. Sears, supra,* 62 Cal.2d 737, relied on by the People there as here. In *Sears,* the defendant was convicted of felony murder predicated on his entry into his wife's house with intent to assault her. When they married three years earlier, the spouses agreed that the wife and her three children by a previous marriage would continue living in her cottage, while the defendant would sleep in a garage nearby until he completed an addition to the cottage. (See *People v. Sears* (1970) 2 Cal.3d 180 at pp. 182-183 [84 Cal.Rptr. 711, 465 P.2d 847].) He was permitted only to take his meals and watch television in the house. Three weeks before the murder, the defendant moved to a hotel. He then returned to the cottage in search of his wife, carrying a steel pipe under his shirt. In an

[7]Because there was no burglary we are not called upon to interpret the provisions of section 972, subdivision (e)(2), requiring that the murder be committed "in the course of" the burglary. (Cf. the analogous provisions reviewed in *People v. Wilson* (1969) 1 Cal.3d 431, 440-441 [82 Cal.Rptr. 494, 462 P.2d 22], and *People v. Green* (1980) 27 Cal.3d 1, 60-61 [164 Cal.Rptr. 1, 609 P.2d 468].)

ensuing struggle, he killed his wife's young daughter. The court reversed his conviction because a confession was improperly admitted, but, for the guidance of the superior court on retrial, it answered his contention that he could not be guilty of burglary because he had a right to enter the house: "One who enters a room or building with the intent to commit a felony is guilty of burglary even though permission to enter has been extended to him personally or as a member of the public. [Citation.] The entry need not constitute a trespass. [Citations.] Moreover, since defendant had moved out of the family home three weeks prior to the crime, he could claim no right to enter the residence of another without permission. Even if we assume that the defendant could properly enter the house for a lawful purpose (cf. Civ. Code, § 157), such an entry still constitutes a burglary if accomplished with the intent to commit a felonious assault within it." (*Sears, supra*, 62 Cal.2d at p. 746.)

The *Gauze* opinion distinguished *Sears* by its rather remarkable facts. "First, Sears had no right to enter his wife's house; that fact alone supported the conviction. Second, even if he had a right to enter, the right was based on former section 157 of the Civil Code (now § 5102), which gave a person the right to enter the *separate* property of his or her spouse, subject to certain conditions. Thus, Sears' 'right' to enter his wife's house, like the 'right' of the felon to enter the store in *Barry*, was at best conditional. An entry for anything but a legal purpose was a breach of his wife's possessory rights, in marked contrast to the entry in the present case." (Fn. omitted.) (*People* v. *Gauze, supra*, 15 Cal.3d at p. 715.) Finally, the court noted that to hold that a person could burglarize his own home would be "entirely inconsistent with the purposes of section 459 ... [which are concerned with] 'the dangers to personal safety created by the usual burglary situation ...' [since] [¶] no danger arises from the mere entry of a person into his own home, no matter what his intent is. He may cause a great deal of mischief once inside. But no emotional distress is suffered, no panic is engendered, and no violence necessarily erupts merely because he walks into his house. To impose sanctions for burglary would in effect punish him twice for the crime he committed while in the house." (*Id.*, at pp. 715-716.)

The prosecution failed to show that Paul could validly be convicted of burglarizing the residence. The stipulations established that it was his family dwelling. There is no suggestion that his access to the house was limited and strictly permissive, as was the case in *Sears*. Moreover,

critically, the People admit that they did not establish that the residence was the petitioner's *separate* property. The temporary restraining order secured by petitioner was no longer in effect when the entry took place.

The People have failed to show that there was any limitation upon a possessory right in Paul to enter the residence and therefore have failed the burden placed upon them by Evidence Code section 405 to show an exception to the claim of privilege.

Let a peremptory writ of mandate issue directing the municipal court to vacate its order overruling the petitioner's claim of privilege and requiring her to testify. The petition for a writ of prohibition is denied. The order to show cause, having served its purpose, is discharged.

Paras, Acting P. J., and Reynoso, J., concurred.