[Crim. No. 2605. Second Appellate District, Division Two.—October 23, 1934.]

THE PEOPLE, Respondent, v. VAN ALEXANDER, Appellant.

Leo Gallagher for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of assault with a deadly weapon. No motion for new trial was made. From the judgment he appeals on the ground that the evidence is insufficient to support the verdict and that the trial court erred in excluding certain testimony.

The complaining witness, one Val, operated a restaurant and beer garden. Defendant came in with a com-

panion and they were served with beer. Shortly after midnight Val was about to close the place and requested defendant to get out. Upon the latter's refusal to leave Val took him by the arm and defendant left. Later, as Val and his wife proceeded down the street, defendant pursued and overtook them, put up one hand and said, ''stop'', and drew the other back, whereupon, the witness testified, ''when he put his hand like that I didn't know whether he had a knife or gun or what he had, and I thought it was best for me to protect myself first and I hit him on the face''. Defendant got right up and inflicted several wounds on the witness with a knife. There was evidence that defendant had been drinking and was somewhat intoxicated.

It cannot be said that the evidence for the prosecution is so improbable or false as to be incredible, or that it so clearly preponderates against the verdict as to convince this court that it was the result of passion or prejudice. The resistance offered by Val to appellant's apparent intent to commit an assault did not justify the latter in attacking him with a knife. (*People* v. *Albori*, 97 Cal. App. 537 [275 Pac. 1017].) Since there was evidence ample to support the verdict, it cannot be disturbed on appeal. (*People* v. *Stine*, 110 Cal. App. 156 [293 Pac. 907].)

On cross-examination of the complaining witness counsel for defendant asked two questions: (1) Have you ever been in a fight with anybody else in your life? (2) Is it not true that about three weeks before this occurrence there was a fight in your place? Objection to these questions on the ground that they were not proper cross-examination was sustained. They were asked in an effort to show that the witness ''might have received the scars in some other affray''. The same witness was also asked, for the same purpose: ''Your wound was white at the last trial?'' to which objection was sustained on the ground that it called for a conclusion of the witness. Defendant was asked: ''What day were you arrested?'' to which objection was sustained on the ground that it was immaterial. Appellant complains of these rulings as prejudicial error. It does not appear to us, after an examination of the entire cause, that a miscarriage of justice has resulted. The defendant took the stand and testified in his own behalf, giving a detailed story of the case as he wished to have the jury

believe it, but which they apparently concluded was untrue. Any error which the trial court may have inadvertently made in any of the matters complained of could not have prejudicially affected the defendant's case. For these reasons the judgment should stand. (Art. VI, sec. 4½, Const. California; *People* v. *Judson,* 128 Cal. App. 768 [18 Pac. (2d) 379].)

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.