[Crim. No. 3131. Second Appellate District, Division One.—November 2, 1938.]

THE PEOPLE, Respondent, v. PETE NERIDA et al., Appellants.

12

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellants.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellants were charged by an information with the murder of one Benny Enriquez on or about November 22, 1937. The jury in the first trial disagreed, and a second trial was had in which verdicts were returned finding Pete Nerida guilty of murder in the second degree, and finding the other two appellants guilty of manslaughter.

This appeal is prosecuted from the orders by which their motions for new trial were denied, and from the judgments of conviction.

It is shown by the record that on the evening of November 20, 1937, a dance was given at Roma Hall, situate at Sunset Boulevard and Figueroa Street in the city of Los Angeles, by Clarin Lodge, a Filipino labor organization. The three appellants, none of whom was a member of the lodge, arrived together in the vicinity of Roma Hall between the hours of 9 and 10 o'clock on the evening in question, and all three were present on the dance floor around midnight when a general disturbance occurred, in which appellants participated. The decedent, Benny Enriquez, was a member of the lodge and during the altercation which occurred, appellant Bumatay was seen holding Enriquez around the neck with his left arm, at the same time holding a knife in his left hand. There is evidence to the effect that appellant Pete Nerida twice stabbed Enriquez in the abdomen with a knife, whereupon appellant Bumatay released his hold on Enriquez, who started toward the rear of the hall. Appellant Marcelino Nerida then made an unsuccessful attempt to strike Enriquez in the back with his knife, and at that moment one Nick Lota grabbed Marcelino Nerida's right arm; Marcelino transferred his knife from his right to his left hand, struck Lota in the back with his knife, cutting Lota's coat, but inflicting no wound, and then stabbed one Pablo Garcia in the leg, as said Garcia climbed over the checkroom counter. Immediately thereafter the three appellants left the lodgeroom.

Enriquez, the injured man, was removed to the Georgia Street Receiving Hospital, where it was found upon examination that he had sustained a stab wound about one inch in length in the abdomen. It was found necessary to make a four and one-half inch incision for exploratory purposes, but no injury to the intestines was noted. Said Enriquez was later moved to the San Antonio Community Hospital at Upland, California, where he died on November 22, 1937, from a ''very violent infection''.

Appellants urge (1) that the verdicts of the jury are contrary to and unsupported by the evidence; (2) that the court erred in the admission of evidence; (3) that the court erred in the giving and in the refusal to give certain instructions,

14

as well as in modifying certain instructions and giving them to the jury as so modified.

With respect to the contention that the evidence is insufficient as a matter of law to support the verdicts, it is urged on behalf of appellant Pete Nerida, who was found guilty of murder in the second degree, that "the evidence when most favorably construed for the prosecution establishes only a homicide resulting from a sudden quarrel or heat of passion", i. e., manslaughter. While it is true that Enriquez was stabbed during a general scuffle or affray in which from fifteen to fifty persons participated, there is no evidence that said Enriquez either initiated the fight or that he was in any way involved in it until appellant Bumatay suddenly grasped him around the neck and· held him while appellant Petè Nerida stabbed him with his knife. "All murders not of the first degree are of the second degree. Murder in this degree is an unlawful killing with malice, but without deliberation or premeditation." (*People* v. *Moreno*, 6 Cal. (2d) 480, at 484 [58 Pac. (2d) 629].) Several eye-witnesses to the stabbing testified at the trial, and while there were the usual discrepancies in the different versions of the altercation as narrated by the said witnesses, the evidence was sufficient to sustain the verdict of the jury that appellant Pete Nerida was guilty of murder in the second degree.

With respect to appellants Bumatay and Marcelino Nerida, who were found guilty of manslaughter, they were both armed with knives, and while neither had an opportunity to use his knife upon Enriquez, appellant Bumatay held said Enriquez while Pete Nerida stabbed him and appellant Marcelino Nerida made an unsuccessful attempt to stab Enriquez in the back after Bumatay released his hold upon him. It is therefore apparent that the jury was justified in finding these two appellants guilty of manslaughter.

Appellants urge that because there is evidence that the inch stab wound did not penetrate the abdominal cavity, death resulted from an independent intervening act: the major abdominal operation performed for exploratory purposes. The surgeon who operated upon Enriquez testified that he found the abdominal cavity full of blood clots; that the stab wound entered the abdominal cavity and was of sufficient seriousness to have caused death. The autopsy

surgeon testified that the stab wound did not extend quite through the wall of the abdomen, and gave as his opinion of the cause of death that Enriquez "had been injured with some bleeding into the abdominal cavity, probably externally, and that the man had developed shock, spoken of as surgical shock, on account of this injury. That was the immediate cause of his death." Upon cross-examination, said autopsy surgeon testified "there must have been some hemorrhage in the case, and that an operation might be more of the life saving feature than the fatal one". Having heard this testimony, it was a question of fact for the jury to determine what was the cause of death. In this connection, appellants urge that the court erred in refusing to give the following instruction: "Even in case you become convinced by the evidence beyond a reasonable doubt that one of the defendants committed an assault upon the deceased at the time and place alleged in the information, but are not convinced by the evidence beyond a reasonable doubt that any act of the defendant or any one of them was the proximate cause of death of the deceased, you should find each defendant not guilty of the crime of murder.

"If you believe from the evidence that the cause of death of the deceased was an independent intervening action of some person other than the defendants or either of them, or if you entertain a reasonable doubt upon this point, you should find each defendant not guilty."

However, the following instruction which was requested by appellants was given to the jury, and while it is not so clearly worded as the instruction above set forth, it was sufficient to inform the jury of the law: "Before you can find any defendant guilty of murder or of manslaughter you and each of you must be convinced, beyond a reasonable doubt, that the act of such defendant or defendants was an efficient cause of the death of decedent. If you have a reasonable doubt as to whether or not the act of any defendant, or defendants, contributed to the death of decedent you must find him or them not guilty of both murder and manslaughter."

It is next contended that the court improperly admitted testimony as to an accusatory statement made by the witness Garcia in the presence of appellants while said Garcia was confined to the hospital suffering from the wound inflicted upon him by appellant Marcelino Nerida. In this re-

gard it is argued that they were given no opportunity to either answer or deny such accusation, and that one Abay, who was also present, may have denied Garcia's accusation and, therefore, it was unnecessary for appellants to have entered their denials individually. The evidence shows that about a minute elapsed between the accusation and any comment made by said Abay. Moreover, the statement was not accusatory so far as the said Abay was concerned; therefore, he was in no position to deny the statement on behalf of the appellants. They had sufficient time to enter their denials, if they desired to do so. There was no error in admitting this evidence.

A careful survey of the instructions which were given to the jury indicates that the jury was fully and fairly instructed upon the various phases of the law involved herein, and that no prejudicial error was committed in the giving of such instructions. Neither was appellants' cause prejudiced by the refusal of the trial court to give certain instructions requested by them, or in modifying and giving as so modified certain other instructions.

The judgments and orders appealed from are therefore affirmed.

Doran, J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1938.