[Crim. No. 670.   Fourth Dist.   Apr. 13, 1949.]

THE PEOPLE, Respondent, v. CHRISTINE MONTES, Appellant.

Wing, Wing & Brown for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged by information with the crime of mayhem in that she disabled and rendered useless the little finger of Constance Ortiz. Defendant was tried by jury, found guilty, and, after a motion for new trial was made and denied, the court suspended further proceedings for the purpose of granting probation. Probation was granted, subject to the condition, among others, that defendant serve a term of one year in the county jail.

Constance Ortiz, the complaining witness, was employed as a waitress in the Alta Vista Café in the city of Banning. On the evening of June 28, 1948, at about 8 o'clock, defendant entered the café with a woman companion and sat at the counter for about two hours drinking beer served by Mrs. Ortiz. After defendant had consumed about eight bottles of beer, Mrs. Ortiz went off duty, took a seat at the same counter to eat her dinner, and Mrs. Ford, wife of the proprietor of the place, acted as waitress. Defendant ordered another

round of drinks, went to the rest room, and on her way back to the counter began using profane language in the presence of customers and Mrs. Ford. Defendant picked up a jar of peppers, threw it down on the counter and then threw a glass of beer at Mrs. Ford. The glass hit the wall, broke into pieces, and Mrs. Ford was cut on the lip with broken glass. Defendant resumed her seat at the counter near the door and Mrs. Ortiz started to leave the café. Defendant arose from her seat, called Mrs. Ortiz a vile name and struck her. Mrs. Ortiz returned the blow and in the combat which ensued found that the little finger of her left hand was detained in defendant's mouth and that she, Mrs. Ortiz, was unable to extricate it. Defendant pulled Mrs. Ortiz down onto the floor as they struggled through the door and Mrs. Ortiz began to strike defendant about the face with her right hand in an unsuccessful effort to free the finger. Mrs. Ortiz then twisted defendant's nose, the finger was released and the combat was over.

Mrs. Ortiz testified that her finger was bitten; that it was "shattered and dangling from the skin on top, and was open and flopping." The next afternoon Mrs. Ortiz was ill and visited a Doctor Reeves at about 6 p. m. The doctor testified that he observed a ragged, transverse, diagonal, irregular laceration extending across the entire palmar surface of the finger; that on the dorsal surface there was a puncture wound through the middle of the second phalanx, and a hump at the base where the tendon was macerated; that a fragment of the bone protruded into the laceration, the wound was infected and the hand was swollen half way to the elbow; that the wound appeared to have been caused by a human bite; that the finger was disabled and in a useless condition, and because of the infection of the bone, tendons and various tissues he believed it would be necessary to remove it; that he did amputate the finger on July 29, 1948.

Defendant argues that there was no evidence of the cause or reason for the amputation; that the testimony of the prosecuting witness that her finger was not reinjured after the occurrence and before the examination by the doctor was inherently improbable and that the refusal of the prosecuting witness to obtain proffered medical treatment immediately after the injury was the proximate cause of the amputation.

The testimony of the prosecuting witness and the doctor was amply sufficient to support a finding that the amputation of the finger was necessary by reason of the injury inflicted by

the defendant. ▆▆ Moreover, it was not necessary to show an amputation to constitute the offense of mayhem, as disfigurement or disablement are included within the definition of the offense. (Pen. Code, § 203.) The doctor's opinion was that the finger was in a useless condition when he made the examination on the day following the injury. ▆▆ There is no merit in the contention that the testimony of Mrs. Ortiz to the effect that her finger was not reinjured after the occurrence in the café is inherently improbable. This contention is apparently based on the testimony of a Dr. Bramcamp who examined the wound four or five hours before Mrs. Ortiz went to Dr. Reeves. Dr. Bramcamp testified that he found a superficial injury with no injured tendons or broken bones. His recollection of the examination was somewhat faulty and at the most created only a conflict in the evidence. It was for the jury to determine the credibility of the various witnesses. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].)

▆▆ Defendant's final argument is that the failure of Mrs. Ortiz to secure medical aid the night the injury occurred was the cause of the infection of the wound, necessitating amputation of the finger. This likewise was a question of fact for the jury and its finding, supported by substantial evidence, will not be disturbed on appeal. (*People* v. *Nerida,* 29 Cal. App.2d 11, 15 [83 P.2d 964].) We must assume that the jury was properly instructed as to the elements of the crime of mayhem and that it found from all the evidence that a causal relation existed between the injury inflicted by the defendant and the loss, disfigurement or disablement of the finger of the prosecuting witness. There is nothing in the record to indicate that had medical attention been given the finger on the night of the injury the infection would have been avoided.

Since no final judgment of conviction was entered herein, the attempted appeal from the judgment is dismissed. (*In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644] ; *People* v. *Ormes,* 88 Cal.App.2d 353 [198 P.2d 690].)

The order denying a new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.