[Crim. No. 4392.   Second Dist., Div. Two.   Feb. 6, 1950.]

THE PEOPLE, Respondent, v. LEONARD ROY PULLINS, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been convicted by the court of assault by means of force likely to produce great bodily injury defendant appeals, asserting the insufficiency of the evidence to sustain the judgment.

The prosecutrix was manager of a rooming house. About 11 o'clock in the evening appellant was found in the hallway kicking on a door near the apartment of prosecutrix. When she asked him to leave he approached her door, kicked at and called her profane names. She struck at him with her left fist but he caught her hand and pulled it to his mouth and chewed and broke her index finger. For 15 minutes they struggled on her bed. She was unable to remove her finger from his mouth until after she had hit him on the cheek with a stick. On hearing the scuffle, Miss Brooks, a tenant on the floor above, entered and separated them and found the bed bloody and both holding a stick which the prosecutrix obtained after the combat had commenced. Appellant told the officer who arrested him that he was trying to gain entrance to the room of a friend when the prosecutrix came out and they engaged in a fight "and that her finger was in his mouth, so he chewed it."

The skin and muscle of the finger had been mangled. Later her physician burned away the proud flesh, and bones (which she exhibited) came out. The wound resulted in a bent, immobile finger, as the trial judge observed.

Appellant contends that the mere biting of a finger as occurred here will not justify a conviction under section 245 of the Penal Code.* The facts established by the adopted proof

---

*"'Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment.''

do not indicate so simple a matter as appellant claims. The prosecutrix must bear a helpless member of her body throughout her life. No explanation or excuse will justify a reasonable mind in concluding that an aggressor who chews a person's finger until its flesh is lacerated and its bones are broken has any intention other than the maiming or crippling of his victim. The force required to cause such a wound as that inflicted upon this young lady was not only "likely to produce great bodily injury" but it was certain to cause it. The statute does not define the means to be used as requisite to a conviction. Its language "is a general and comprehensive term designed to embrace many and various means and forces." (*People* v. *Hinshaw,* 194 Cal. 1, 17 [227 P. 156].)

▮ Whether the force applied and the means used were calculated to "produce great bodily injury," is a question for the trier of fact. They are sufficient under the statute so long as they "are likely to produce great bodily injury." A grain of wheat may be blown with sufficient force to destroy the vision of an eye; a pillow in the hands of a demon may be the instrument of murder. ▮ While it is not essential to a conviction under section 245 that an intent severely to injure by the use of force be proved (*People* v. *Schmidt,* 66 Cal.App.2d 253, 256 [152 P.2d 1021]) or that the injuries be serious (*Ibid.*) still the fact that the prosecutrix was disfigured and disabled is conclusive proof that the chewing of her finger did produce great bodily injury. (*People* v. *Montes,* 91 Cal. App.2d 222 [204 P.2d 659].) Since appellant's act caused such result the trial court had to determine only that his act was a "means of force likely to produce" the injury. It was aided in deriving such finding by appellant's admission that he did not turn loose prosecutrix' finger from between his teeth until after she had struck him with the stick. *People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391], is not authority for holding that the disablement of a woman by crushing the bones of her finger is not the kind of force contemplated by the statute. Fuentes merely struck his victim with his fist. Because the latter slumped and struck his head against a railroad track with unfortunate results he was not guilty of using force which was in itself likely to produce great bodily injury. ▮ The gravamen of the offense is the likelihood that great bodily injury will result from the force applied (*People* v. *McIlvain,* 55 Cal.App.2d 322, 331 [130 P.2d 131]), not that an injury actually resulted. (*People*

v. *Day,* 199 Cal. 78, 85 [248 P. 250]; *People* v. *Tallman,* 27 Cal.2d 209, 212 [163 P.2d 857].)

██ Appellant contends that he did not assault prosecutrix before she struck him and that he acted in self-defense. For this there is no support in the record. She asked him to desist from kicking the door. He responded by cursing and kicking at her. Her subsequent use of a stick was a defensive act. Section 692 of the Penal Code does not avail him. It provides that resistance is lawful if made to a public offense by "the party about to be injured." Was appellant about to be injured when he kicked at prosecutrix who weighed 160 as against appellant's 192 pounds? Toughened by his toil as a car polisher and life in the open he could not reasonably have apprehended danger from a woman manager of a rooming house whose primary mission at late hours was to keep peace and quiet for her tenants.

██ Whether prosecutrix' failure to scream was proof that she was not attacked was decided adversely to appellant by the trial court and is not open to review.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.