[Crim. No. 737. Fourth Dist. Aug. 28, 1950.]

THE PEOPLE, Respondent, v. WILLIAM ROBERT WALKER, Appellant.

John C. Thompson for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

GRIFFIN, J.—It is charged in the information that defendant assaulted one Wilton Roy Young with a deadly weapon. He pleaded not guilty. A trial by jury resulted in a verdict of guilty.

On appeal it is contended that the verdict is contrary to the law and evidence and that the court erroneously instructed the jury. Young and a girl whose name he did not know, were sitting at a bar. Defendant, a sailor in the United States Navy, entered the bar and seated himself next to the girl. Defendant bought the girl a drink of beer. She did not drink it but removed herself to a stool on the other side of Young. All parties had several drinks of beer. Apparently the girl was talking loudly and it seemed to interfere with defendant's conversation. About that time defendant reached across and slapped the girl in the face with his hand. Young got down from his stool and grabbed defendant on the left shoulder, telling him to "lay off her," to "watch it." Young testified that he made no gesture to hit defendant with his hand and that he did not see a knife nor did he see defendant put his hand in his pocket, but after a struggle he felt his stomach burning; it was cut; that he turned around, went to the front door "holding his insides in"; and that he was subsequently taken to the hospital.

A physician testified that he examined the victim and found that he had several stab wounds, one in the left chest, one in the abdomen, and one on the right hand; that surgery was performed and consisted of an exploratory examination of his abdomen to determine if there was any injury of the intra-abdominal organs. He found no internal injuries. However, three loops of intestines, which were protruding about 4 inches from the abdominal wound, were replaced. The lacerations of the chest and hand were closed and approximately 100 multiple sutures were taken in the three wounds. The knife blade did not hit any of the intestines. The wound in the chest had gone no farther than the ribs. Young's recovery was rather rapid and uncomplicated.

One witness testified that she did not see the knife just before the victim staggered backwards, but earlier in the evening she saw the defendant in the possession of a pocket

knife 3 or 4 inches long, with a blade of about the same length and that the defendant had it on the bar; that part of the time it had been open and part of the time it had been closed.

In his haste to make his escape the defendant left his hat and neckerchief and returned to his ship. Two days later he was apprehended and questioned by a Naval Intelligence officer. Defendant stated to him that he was sitting at the bar talking to a sailor and that during the conversation some girl sitting in the vicinity kept interrupting his conversation; that he told her to keep quiet on several occasions but that she refused to do so; that he finally "told her to shut up" and shortly thereafter Young took offense and approached him; that he told Young to stay away and that instead Young struck him in the face and that he backed in the direction of the wall; that defendant again warned him to stay away and that he then drew a knife and cut Young, but did not recall how many times; that he left the barroom, threw the knife away, and returned to the ship.

On the witness stand the defendant testified that he was seated at the bar talking to another sailor; that they had been drinking beer; that a girl started to sit on defendant's right, placing her hand on his shoulder and that he ordered her a beer but she did not drink it and did not sit there; that she left and sat down on the other side of another sailor and kept interrupting the conversation between defendant and that sailor; that he might have slapped her but did not remember it; that Young came around from the rear, took hold of his shoulder and jerked him around; that he did not know what was happening and did not know the victim had left his stool; that the knife was lying on the bar and that he struck at Young but did not remember hitting him with his fist, but "only with a knife" and that "the only strike must have cut him." He then testified that he was "scared" and went back to the ship; that he did not think he would have struck the victim if he had not come up from behind and grabbed him and jerked him around.

On cross-examination he testified, without objection, that he had formerly been convicted of a felony involving the use of a knife but that the offense was later shown to be a misdemeanor. He then stated that the knife used was a small pocket knife, small enough to place in the pocket of "Navy Blues"; that he did not remember cutting Young three times but he must have used an underhand motion. He then testi-

fied that the knife was lying open in front of him because he was trimming or cleaning his fingernails and that he purchased the knife the day before from a shipmate on the ship.

The first challenge as to the sufficiency of the evidence is defendant's contention that it shows his actions were "reflexive only," and that self-defense was established as a matter of law. These contentions are without merit. ■ The evidence and the law as applied to the evidence sufficiently established defendant's guilt of the crime with which he was charged. (Pen. Code, § 245.) The evidence as to the manner of the use of the knife and the injury inflicted thereby was such that the only rational conclusion the jury could have reached under the circumstances was that the knife was a deadly weapon. (*People* v. *Petters*, 29 Cal.App.2d 48, 52 [84 P.2d 54]; 3 Cal.Jur. p. 205 § 21; *People* v. *McCoy*, 25 Cal.2d 177, 188 [153 P.2d 315]; *People* v. *Arguilida*, 85 Cal.App.2d 623 [193 P.2d 478].)

■ The claim that the defendant did not make an unlawful attempt, with a criminal intent, to commit a violent injury upon the victim is untenable. There is no question that Young was seriously injured. Defendant's contention that the evidence only shows "that the response of the defendant was reflexive and not a premeditated or voluntary act as is required to constitute an act done with criminal intent" is equally untenable.

Under section 20 of the Penal Code, "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Specific intent is not an element of the crime of assault with a deadly weapon and where the evidence is sufficient to establish the character of the instrument as charged it is not necessary for the prosecution to prove specifically that the defendant intended to injure the complaining witness. Such intent may then be implied from the doing of the unlawful act. (*People* v. *McCoy, supra*; *People* v. *Lim Dum Dong*, 26 Cal.App.2d 135 [78 P.2d 1026]; *People* v. *Sanchez*, 35 Cal.2d 522, 531 [219 P.2d 9].) The fact that defendant made three stabs, instead of just one as a person acting reflexively might do, might well negative defendant's contention. ■ Defendant's consciousness of guilt is established by both flight and prior inconsistent statements. (*People* v. *Anderson*, 90 Cal.App.2d 326, 333 [202 P.2d 1044].) The evidence shows inconsistent statements in that defendant told the Intelligence Officer that he warned the victim to stay away from him; that the victim struck him in

the face and that he again warned him and at that time he drew a knife and cut the victim. ▮ False statements for the purpose of misleading or warding off suspicion are indicative of a consciousness of guilt. (*People* v. *Anderson, supra*; *People* v. *Cole*, 141 Cal. 88 [74 P. 547] ; *People* v. *Cooper*, 81 Cal.App.2d 110 [183 P.2d 67].)

▮ The argument that the evidence established self-defense as a matter of law is without merit. Whether defendant struck at and injured the victim in reasonable self-defense was a question to be passed upon by the jury and by the judge on a motion for new trial. This adverse finding will not be reviewed on appeal. (*People* v. *Mitchell*, 40 Cal.App.2d 204 [104 P.2d 545] ; *People* v. *Alexander*, 1 Cal.App.2d 570 [37 P.2d 125].)

▮ As to the court's instructions, defendant charges error on the issue of self-defense. Defendant offered an instruction to the effect: ''That a person assailed has the right to repel force with force; that he may imply the right to defend himself from apprehended danger to any extent which, to him is apparently necessary when he acts in a reasonable manner.'' And that even if the jury finds as a fact that the ''complainant was not armed with any weapon at the time of the combat, nevertheless, that did not deprive the defendant of his right to defend himself with that degree of force which, to a reasonable man, might have appeared necessary under the appearances and circumstances there present.'' Defendant also charges error in refusing to give another proposed instruction in the language of CALJIC Instruction No. 327, page 304, under ''Homicide.'' As to this latter instruction defendant argues that he was prejudiced by the court's refusal to so instruct the jury because the jury was left to decide his fate without having been adequately instructed that the right of self-defense exists whether the danger of great bodily harm is real or apparent, and also that the jury was left without adequate instruction as to how to determine whether the defendant acted as a reasonable man or not. The court fully instructed the jury on the subject of self-defense and particularly stated that it was lawful for a person who was being assaulted and who had reasonable grounds for believing that bodily injury was about to be inflicted upon him to stand his ground and defend himself from such attack and in doing so he might use all force and means which he believed to be reasonably necessary, and which would appear to a reasonable

person in the same or similar circumstances to be necessary to prevent the injury which appeared to be imminent, and that in exercising his right to lawful self-defense he was not required to retreat; that "If an assault with a fist is being made on a person but without intent to kill or do great bodily harm and if the assault is not likely to produce great bodily injury and if the one thus attacked is not deceived as to the character of such an assault, he is not justified in using a deadly weapon in self defense"; that the right of self-defense exists only against an unlawful attack; that the right does not exist even though bodily injury appears probable as against a person who, in threatening or appearing to threaten injury, is acting lawfully.

In this connection defendant contends that the court erred in giving this instruction, particularly in respect to the statement that "The right of self-defense exists only as against an unlawful attack. The right does not exist, even though bodily injury appears probable, as against a person who, in threatening or appearing to threaten injury, is acting lawfully." This instruction is found in CALJIC page 500, No. 624, which cites *People* v. *Craig*, 152 Cal. 42 [91 P. 997]; and sections 692 and 693 of the Penal Code in support thereof. The claim is that although this instruction contains the correct abstract statement of the law, it was prejudicial to defendant herein because it left a question of whether the victim was acting lawfully for the jury to decide, and gave it no further instruction to guide it as to whether he was acting lawfully.

No instructions were offered by the defendant on the question of the lawfulness of the victim's acts. The evidence shows that the victim did not make an unprovoked attack. Even if it could be assumed that he did, the jury was completely instructed on the defendant's right of self-defense to an assault. Defendant cannot complain because no further instructions were given on this subject. Even if it could be assumed under the evidence that defendant was entitled to have the proffered instructions on self-defense given, we have carefully examined all instructions, both given and refused, and conclude that the jury was fairly and fully instructed and that no prejudice resulted to the defendant. (*People* v. *Lopez*, 32 Cal.2d 673 [197 P.2d 757]; *People* v. *Moody*, 62 Cal.App.2d 18 [143 P.2d 978]; *People* v. *Wheeler*, 75 Cal.App.2d 360, 367 [171 P.2d 62].)

The last claim is that the court failed to instruct the jury on the subject of circumstantial evidence. Defendant's

position is that at least two elements of the case rest upon circumstantial evidence: (1) That criminal intent must be established by circumstantial evidence; and (2) That the standard upon which a reasonable man would act must be proved by circumstances which surrounded the occurrence. Defendant proposed an instruction that the jury was not permitted, "on circumstantial evidence alone, to find the defendant guilty of the crime charged against him unless the proved circumstances not only are *constant* with the hypothesis that the defendant is guilty of crime, but are irreconcilable with any other *national* conclusions." This instruction was refused. In addition the court refused an instruction to the effect that "When the case which has been made out by the people against a defendant rests entirely or chiefly on circumstantial evidence, and in any case before the jury may find a defendant guilty basing its finding solely on such evidence, each fact which is essential to complete a chain of circumstances that will establish the defendant's guilt must be proved beyond a reasonable doubt."

Assuming that the italicized portion of the first instruction may have been but typographical errors, we nevertheless conclude that under the evidence here presented, a refusal to give such instruction was not prejudicial error. It is quite apparent that the case, as made out by the People, did not rest entirely or chiefly on circumstantial evidence, but rested chiefly on direct evidence. (*People* v. *Corlett*, 67 Cal.App.2d 33, 48 [153 P.2d 595, 964]; *People* v. *Lapara*, 181 Cal. 66, 70 [183 P. 545].) The jury was fully instructed that the defendant was presumed to be innocent until proved guilty beyond a reasonable doubt and that where the evidence "is susceptible of two constructions or two interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt." It was further instructed with respect to all the essential elements of the crime, including intent, and was instructed extensively and correctly on all issues, including that of self-defense. We conclude that no prejudicial error resulted.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.