[Crim. No. 5050.   Second Dist., Div. One.   Mar. 1, 1954.]

THE PEOPLE, Respondent, v. DORSIE GREGORY, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with the crime of assault with a deadly weapon. To the aforesaid charge he interposed a plea of not guilty.

Trial by jury was appropriately waived and it was stipulated that the matter be submitted to the court on the transcript of the preliminary examination, both parties reserving the right to offer additional evidence. Witnesses were sworn and testified on behalf of defendant. The court found him guilty as charged in the information. Motion for a new trial was denied, and also an application for probation, and defendant was sentenced to serve 90 days in the county jail. From the judgment of conviction he prosecutes this appeal.

A review of the record discloses the following factual background surrounding this prosecution. Defendant and the complaining witness, Dave Jones, had been together playing poker at a location in the city of Watts, county of Los Angeles, on the evening previous to the assault and the morning of the assault (November 15, 1952). Jones left to obtain some liquor, taking defendant's car.

The complaining witness testified that he returned to the location in Watts but that the defendant was gone and that he then drove defendant's car to his (the complaining witness') home in Los Angeles. That at about 9 o'clock in the morning of the 15th of November, 1952, the defendant came to Jones' home and upon being admitted to the home defendant came in with his hands in his pocket and said: "Why did you go away?" and Jones replied: "You know I was going after the liquor."

At this time defendant struck Jones with a knife, the blows with the knife striking the complaining witness in the neck, under the arms, above the ears, and in the back. Jones then grabbed defendant's hands, at which time he saw the knife. After the altercation, Jones received medical attention, including stitches in the neck, above the ear and under the arm. After the blows were struck Jones held on to defendant to keep him from cutting him any more.

Jones was then taken to the Georgia Street Hospital and

then to the General Hospital and was at the time of trial under a doctor's care.

The defendant took the stand to testify in his own behalf, admitting that he was with the complaining witness on the evening preceding and the early morning of the assault and that he gave Jones the keys of his car to get some liquor out of the glove compartment, explaining that he did not want the victim to drive the car because he had been consuming liquor; that he found his car gone and that he went over to Jones' house to ask him why he had taken the car away. He was then asked what occurred and he stated in part: "So I reached in my pocket and I grabbed him in the collar and he stuck his hand in his pocket; and so I said, 'Well, don't come out with anything or I'll hurt you.' And in the meantime he had his knife and I had my little knife, . . ."

Defendant testified that he then started to hit Jones with his knife and admitted that he cut the complaining witness.

Appellant's sole ground for reversal of the judgment is that the evidence is insufficient to sustain his conviction in that it shows that he acted in necessary self-defense. ■ On appeal following a guilty verdict or decision, the reviewing court must take cognizance and accept the view of the evidence most favorable to the judgment rendered. ■ And though the evidence be conflicting, and show circumstances that might also reasonably be reconciled with the innocence of the accused, a reviewing court may not interfere with the conclusions arrived at by the duly constituted arbiter of the facts, if the circumstances reasonably justify the verdict of the jury or decision of the trial judge. ■ This court is not authorized to attempt a determination of the weight of the evidence, but is limited to a decision only as to whether sufficient facts could not have been found in the trial tribunal to warrant the inference of guilt.

■ Viewed in the light of the foregoing rules, the testimony herein narrated does not bring appellant within the protective provisions of either section 692 or 693 of the Penal Code. Appellant's counsel, in urging leniency for appellant, well summarized the existing factual situation when he said to the trial judge: ". . . and I imagine your Honor found that there was no self-defense, and I don't particularly argue with that; but I just think he was angry, and that this fellow was abusive and nasty in his talk, asked him, 'What are you going to do about it?' one of those things, and the defendant

just lost his temper, as I imagine a lot of people would in a similar situation. This fellow was just a bad, sullen individual who was taking advantage of people, and the defendant wouldn't stand for it."

The record amply supports the findings of the trial judge that there was no legal justification for the aggravated assault with a knife by appellant (*People* v. *Alexander*, 1 Cal.App. 2d 570, 571 [37 P.2d 125]; *People* v. *Albori*, 97 Cal.App. 537 [275 P. 1017]; *People* v. *Pullins*, 95 Cal.App.2d 902, 905 [214 P.2d 436]; *People* v. *McCoy*, 25 Cal.2d 177, 190, 192 [153 P.2d 315]; *People* v. *Rader*, 24 Cal.App. 477, 481 [141 P. 958]).

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.