[Crim. No. 7285. Second Dist., Div. Three. May 1, 1961.]

THE PEOPLE, Respondent, v. ALI ROSHID, Appellant.

Martha Malone Louis for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of assault with a deadly weapon. He appeals from the judgment sentencing him to the county jail. His only contention is that the judgment is not supported by substantial evidence.

There was evidence of these facts: Eli Lackey had a disagreement with defendant over defendant's association with Lackey's wife and some damage Lackey claimed defendant had done to his car. On October 21, 1959, Lackey and several young men, including Paul Robertson, were at Lackey's home. Defendant drove up and asked to speak to Lackey. Lackey declined and defendant drove off. Lackey then told the young men about defendant's activities. The young men followed defendant in a car. Defendant and the young men stopped around the corner from Lackey's home and defendant asked Robertson if he was afraid to drive around the corner with him. Robertson got into defendant's car and they drove to Lackey's home, followed by the other young men. Lackey and Mrs. Lackey were there.

At Lackey's home defendant told Lackey his (Lackey's) wife had told a lie on him and he was wrong in believing what she said. After further heated conversation in defendant's car "they finally came to an agreement"; Mrs. Lackey said she was "kidding" about defendant, and Lackey told defendant "it was a lie." Lackey and his wife then drove away.

Robertson, who had been in defendant's car, got out. As he got about 5 feet away, defendant fired two shots with a revolver at Robertson. One bullet lodged in Robertson's abdomen and is still there. Defendant drove to the beach, where he abandoned his car, and hitch-hiked to San Francisco.

All that is required to sustain a conviction of assault with a deadly weapon is proof that there was an assault, that it was with a deadly weapon, and that the defendant intended to commit a violent injury on another. (Pen. Code, § 245; *People v. Marcus*, 133 Cal.App.2d 579, 581 [284 P.2d 848].) An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.

(Pen. Code, § 240.) A gun capable of being fired is a deadly weapon. (*People* v. *Pittullo*, 116 Cal.App.2d 373, 376 [253 P.2d 705].) The intent may be inferred from the doing of the wrongful act. (*People* v. *Walker*, 99 Cal. App.2d 238, 242 [221 P.2d 287].)

The evidence we have related established all of the elements of assault with a deadly weapon. Defendant's consciousness of guilt was proven by his flight. It is argued that guilt beyond a reasonable doubt was not established; that there is only a suspicion of guilt; "that the quality of testimony and credibility of witnesses reeks almost to the point of perjury"; that we should exert our "ratiocinative minds to look through the mar of suspicion and come to the crystal clearness of his [defendant's] innocence." These were all matters for the trier of fact, with which we have no concern.

The appeal is without merit.

Affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 21, 1961.