[Civ. No. 26602. Second Dist., Div. Two. Apr. 26, 1963.]

MYRTLE ROBERTSON, Plaintiff and Appellant, v. ROBERT ROBERTSON, Defendant and Respondent.

Hampton Hutton for Plaintiff and Appellant.

Shafer & Grimm, Martin S. Ryan and W. Earl Shafer for Defendant and Respondent.

HERNDON, J.—Appellant Myrtle Robertson appeals from

the judgment entered following a nonjury trial wherein she was awarded a divorce on the ground of desertion. The judgment also awarded the husband a divorce on the ground of extreme cruelty. The bulk of the property owned by the parties had been placed in joint tenancy under an earlier property settlement agreement. This property was not involved in the instant action. The judgment, however, did determine that certain other properties owned by the parties were not covered by the earlier agreement and were held to be community property and were divided equally between the parties.

In her brief, appellant wife states that she ''appeals from the judgment dividing the property but not from the judgment with respect to the divorce.'' She does not question the determination with respect to the community nature of the property divided; neither does she assert that there is any other community property in existence which should have been divided. Her sole contention on this appeal relates to the propriety of dividing the community property equally rather than awarding her a larger share. In support of her contention, she assigns as error (1) the refusal of the trial court to receive in evidence a summary of the receipts and expenditures of the parties which she had made; and (2) the refusal of the trial court to require the husband to account for his expenditures of money during the years in question.

As above indicated, however, appellant does not assert that either her accounting or that of her husband would disclose any transfer of community funds made by him without consideration or the existence of any concealed community assets. Rather, her contention is that such an accounting would indicate that her husband spent a larger percentage of the community income than did appellant, and that, if she had been allowed to prove this fact, the court would have made a different division of the existing community assets. As she states in her brief: ''If the accounting had been admitted and it had shown a disproportionate use of the community funds, an equal division of the community property could only be made by balancing these equities. In the case at bar, without determining what these equities are, it is impossible for the court to divide the property.''

It is apparent, of course, from the mere statement of appellant's contentions that they are wholly devoid of merit. Since she does not challenge the judgment awarding her a divorce on the ground of desertion, she is wholly without

any tenable legal standing from which to urge that she should have been awarded more than one-half the community property. Section 146, subdivision (b) of our Civil Code expressly states: "If the decree be rendered on any other ground than that of adultery, incurable insanity or extreme cruelty, the community property and quasi-community property *shall be equally divided between the parties.*" (Italics added.) As stated in *Tipton* v. *Tipton,* 209 Cal. 443, 444 [288 P. 65]: "When the divorce is granted on the ground of desertion alone *there is no discretion to divide the community property other than equally. . . .*" (Italics added.) (See also *Randolph* v. *Randolph,* 118 Cal.App.2d 584, 585 [258 P.2d 547].)

Further, since she does not question the propriety of the judgment granting her husband a divorce on the ground of extreme cruelty, it follows for this additional reason that *she* was not entitled to receive more than one-half the community property. (*DeBurgh* v. *DeBurgh,* 39 Cal.2d 858, 874 [250 P.2d 598]; *Cardew* v. *Cardew,* 192 Cal.App.2d 502, 517 [13 Cal.Rptr. 620].)

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.