[Crim. No. 15837.   Second Dist., Div. Four.   July 1, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. ELVINO DAN-
IEL CALLANDRET, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, Evelle J. Younger, District Attor-
ney, Harry Wood and Eugene D. Tavris, Deputy District
Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Alan H. Simon,
James Franks II and James L. McCormick, Deputy Public
Defenders, for Defendant and Respondent.

JEFFERSON, J.—This is an appeal by the People from
an order of the superior court suppressing evidence against
defendant (pursuant to Pen. Code, § 1538.5) and from an

order dismissing the action against him (pursuant to Pen. Code, § 1385). He was charged with grand theft and receiving stolen property.

The court's rulings were based upon the evidence adduced at a *de novo* hearing on the section 1538.5 motion to suppress. The single witness who testified was Officer George Moelle. He had been a member of the police force for 19 years, about half of that time assigned to the auto theft detail. At about 1:30 p.m. Officer Moelle was driving on the freeway, on an assignment unrelated to this case, when the unmarked police car in which he was riding with a fellow officer, approached a Chevrolet pickup truck proceeding in the same direction. In the bed of the truck Moelle observed portions of a Volkswagen engine and "hub." The automobile parts were covered by a piece of carpeting weighted down on three sides but loose and flapping on the fourth side, thus enabling the officer to see part of the cargo.

Officer Moelle was aware that Volkswagen parts were frequently stolen and employed in the construction of "dune buggies." The pickup truck carried commercial license plates and Moelle did not recall ever having seen it before. When the police car came alongside and Moelle was able to see the two occupants of the truck, he recalled having "handled" the man in the passenger seat at some time in the past but did not specifically "tie him in with automobiles." Although there was nothing about the parts in the back of the truck which would indicate that they were not legitimately owned, he was suspicious and decided to stop the truck to ascertain if the parts were stolen.

Upon his command, the truck immediately pulled over and stopped. Officer Moelle approached the vehicle on the passenger side and his partner went to the driver's side. Defendant was the passenger. While his partner talked to the driver, Moelle asked defendant for some identification. As he talked to defendant, Moelle remembered that he had "handled" defendant back in 1962 when defendant had been arrested for robbery; that, as it turned out, no complaint had been filed against him.

While he was talking to defendant, Officer Moelle observed that his partner and the driver of the truck walked together to the back of the truck and that the driver lifted up the carpet which covered the Volkswagen parts. His partner then came up and informed him that the "engines" had altered numbers. Moelle went back and confirmed his partner's observation and then placed defendant under arrest.

■ Although an officer may stop and detain motorists for questioning under circumstances short of probable cause for arrest, there must exist some suspicious or unusual circumstance to permit even this limited interference with an individual's freedom of movement. (*People* v. *Henze*, 253 Cal. App.2d 986, 988 [61 Cal.Rptr. 545].) Nothing of the sort existed here.

■ Prior to stopping the truck in which defendant was riding, all the officer knew was that the vehicle was carrying Volkswagen parts and that one of its occupants had been arrested, although he did not then recall for what, at some time in the past. As to the latter, since the officer's recollection did not indicate how, when or in what manner defendant had "brushed" with the law, his recollection added little support to his suspicion. The vehicle had violated no traffic laws and the officer could point to no unusual circumstance about it which aroused his suspicion. There is certainly nothing unusual or suspicious about the fact that the truck was carrying Volkswagen parts—albeit such parts are frequent targets for thieves. The fact that parts were covered adds very little. The officer had observed that the vehicle had commercial license plates. Covering items during transport in open trucks is not an unusual commercial practice, even, as here, when the weather was good. Added up, the circumstances do not provide the necessary foundation for the officer's suspicion. "A mere hunch, without more, that a person may be involved in an unusual commercial practice, even, as here, when the criminal activity is . . . insufficient." (*People* v. *Perez*, 243 Cal.App.2d 528, 531 [52 Cal.Rptr. 514].)

The orders are affirmed.

Files, P. J., and Kingsley, J., concurred.