[Crim. No. 7493. First Dist., Div. Three. Feb. 9, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ARNOLD LIVINGSTON, Defendant and Appellant.

---

[redacted]

---

## COUNSEL

Francis C. Stockum, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John P. Oakes, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**BROWN (H. C.), J.**—This is an appeal from the judgment of conviction for violation of Penal Code section 12021 (a felon being in possession of a concealable weapon) and for violation of Penal Code section 245, subdivision (b) (assault with a deadly weapon on a police officer).

The facts: San Francisco Police Officers Robert Landucci and Richard Leon, while driving their patrol automobile on Fell Street in San Francisco, observed appellant and two other men walking and looking into parked automobiles. Appellant was carrying a paper bag and a piece of white wire.

One of appellant's companions was carrying a brass-colored piece of wire. The officers were aware of the high incidence of auto burglaries in the area and that the wire was a tool of auto boosters.

The officers drove to where the men were walking, stopped and identified themselves as policemen, and questioned appellant about the contents of the bag and his name and address. The bag contained a coffee pot which appellant stated was obtained from his sister. Officer Leon then inquired as to where the sister lived so that the story could be verified. At this juncture appellant reached under his coat and stated, "I'm not going anywhere," pulled out a .38 caliber revolver and pointed it at the officer. Officer Leon then yelled to Officer Landucci that appellant had a gun, jumped on appellant, spun him around and "spread-eagled" him across a parked car. After appellant was disarmed, it was determined that the revolver was fully loaded.

■ Appellant first contends that he was improperly charged with a prior felony, i.e., that after conviction of the prior offense he was sentenced to the county jail and therefore his prior offense was a misdemeanor.

Count I of the information charges appellant with violation of Penal Code section 12021, which provides in part: "Any person . . . who has been convicted of a felony . . . who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison not exceeding 15 years, or in a county jail not exceeding one year . . ." The information further charged appellant with previously having been convicted of a felony, to-wit: receiving stolen property in violation of Penal Code section 496.

Appellant relies on Penal Code section 17 for the contention that he was, due to service of time in the county jail, in fact convicted of a misdemeanor and not a felony. At the time of the prior conviction, section 17 stated in part: ". . . When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court [as it is under section 496], it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." Appellant contends that by virtue of his imprisonment in a county jail, his prior conviction was in fact made a misdemeanor and not a felony. If appellant is correct he could not, as a matter of law, have violated Penal Code section 12021 because he would not be a felon.

Appellant, however, was not sentenced to the county jail within the meaning of Penal Code section 17. His confinement was imposed as a condition of probation after conviction of a felony. (See *People* v. *Esparza,*

253 Cal.App.2d 362, 364 [61 Cal.Rptr. 167], cert. den. 390 U.S. 968 [19 L.Ed.2d 1174, 88 S.Ct. 1082]; *In re Goetz,* 46 Cal.App.2d 848, 851 [117 P.2d 47]; *Petersen* v. *Dunbar,* 355 F.2d 800.) Further, when Penal Code section 1203.1[1] is read in conjunction with section 19a,[2] the position is well fortified that the Legislature contemplated a situation where a defendant would be guilty of a felony notwithstanding the fact that he serves time in a county jail as a condition to probation. (See 2 Witkin, Cal. Crimes (1963) § 986, p. 940.)

It should also be noted that Penal Code section 17 was amended in 1963 to allow the court, upon granting probation without having first imposed a sentence, to declare that the defendant has committed a misdemeanor rather than a felony. And in the instant case, the prior judgment clearly states that the trial judge had no intention to impose a misdemeanor sentence. This was indicated when the judge specifically provided that he would declare the crime to be a misdemeanor only after appellant demonstrated that he "behaved himself" during the following year.

We conclude that appellant is a felon within the meaning of Penal Code section 12021 and was properly charged under that section.

■ Appellant next contends that it was error for the court to refuse appellant a continuance in order to locate witnesses.

Appellant, however, failed to show the materiality of the witnesses' testimony and its relation to the sole question presented, i.e., did appellant point a loaded revolver at the officer? Appellant was also informed that if the witnesses could be located up to the time of the motion for new trial, and his testimony shown to be relevant, that such new trial would be granted. The motion for new trial was argued the following day after conviction but the witnesses were not produced.

It is clear that appellant did not satisfy the criteria necessary to gain a continuance after trial had commenced. There was no showing whatsoever that these witnesses' testimony would be material to the issues in the case. Also, there was no showing that their attendance could have been secured within a reasonable time — or at any time. (*People* v. *Wilson,* 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267].) We have determined the court did not abuse its discretion by denying the request for continuance.

---

[1]Penal Code, section 1203.1 states in part: ". . . The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail. . . ."

[2]Penal Code section 19a states in part: "In no case shall any person sentenced to confinement in a county or city jail, . . . or as a condition of probation upon conviction of *either a felony or a misdemeanor,* . . ." (Italics added.)

■ Appellant also contends that he was denied his constitutional right to counsel. He bases this contention on his claim that his counsel was derelict in failing to locate a witness. This contention has been answered in that the materiality of the evidence to be obtained from the missing witnesses was never explained to the court. Appellant was in custody for two months prior to trial and was at all times represented. There was no showing that he ever gave the name of the witnesses to his counsel until the day prior to trial.

The record also discloses that appellant's counsel, a public defender, ably and vigorously asserted all rights to which appellant was entitled.

Appellant has failed to demonstrate the ineffectiveness of counsel or that the trial was reduced to a "farce or a sham." (*People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].)

■ Appellant also claims that there was no showing of a specific intent to commit an assault on a police officer.

In *People* v. *Swansboro,* 200 Cal.App.2d 831, the court said at page 837 [19 Cal.Rptr. 527]: "Nor is specific intent, as suggested by respondent, an element of the crime of assault with a deadly weapon; it may be implied from the doing of the unlawful act, and the evidence in the instant case is sufficient to raise a presumption of an unlawful intent. [Citations.]"

In *People* v. *Roshid,* 191 Cal.App.2d 692, 693-694 [12 Cal.Rptr. 794], the court said: "All that is required to sustain a conviction of assault with a deadly weapon is proof that there was an assault, that it was with a deadly weapon, and that the defendant intended to commit a violent injury on another. (Pen. Code, § 245; *People* v. *Marcus,* 133 Cal.App.2d 579, 581 [284 P.2d 848].) An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. (Pen. Code, § 240.) ■ A gun capable of being fired is a deadly weapon. (*People* v. *Pittullo,* 116 Cal.App.2d 373, 376 [253 P.2d 705].) The intent may be inferred from the doing of the wrongful act. (*People* v. *Walker,* 99 Cal.App.2d 238, 242 [221 P.2d 287].)"

■ Here the facts disclose that there was no question of an officer acting outside the scope of his duties or of being unreasonably forcible, and that appellant at the time of being questioned suddenly pulled out a loaded revolver and pointed it at Officer Leon. It appears from the evidence that it was necessary to forcibly subdue and disarm appellant. We have concluded that these facts supply all of the essentials of an intent. (See *People* v. *Hood,* 1 Cal.3d 444, 452 [82 Cal.Rptr. 618, 462 P.2d 370].)

It is required that appellant "knows or reasonably should know" that

the person assaulted is a police officer. (Pen. Code, § 245, subd. (b).) Here both officers identified themselves to appellant and showed their badges.

It is also required that it be shown that appellant had the ability to commit the assault. (Pen. Code, § 240; *People* v. *Vaiza,* 244 Cal.App.2d 121 [52 Cal.Rptr. 733].) There is little doubt that a man holding a loaded revolver in his hand would have the requisite ability.

Finally, appellant contends that the initial detention of appellant was a wrongful invasion of his privacy and that any evidence emanating thereafter should be excluded.

It has been held that a police officer has both the right and the duty to reasonably investigate all suspicious activities, even though the nature thereof may fall short of grounds sufficient to justify an arrest or a search of the suspects detained. (*People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Bloom,* 270 Cal.App.2d 731 [76 Cal.Rptr. 137]; *Bramlette* v. *Superior Court,* 273 Cal.App.2d 799 [78 Cal.Rptr. 532]; *People* v. *Callandret,* 274 Cal.App.2d 505 [78 Cal.Rptr. 917]; *Jackson* v. *Superior Court,* 274 Cal.App.2d 656 [79 Cal.Rptr. 502]; *People* v. *Villafuerte,* 275 Cal.App.2d 531 [80 Cal.Rptr. 279]; *People* v. *Collins* *(Cal.App.) 80 Cal.Rptr. 310; *People* v. *Adam,* 1 Cal. App.3d 486 [81 Cal.Rptr. 738].) Generally the test for the legality of such a detention is "whether the circumstances are such as to indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of the officer's duties. [Citations.] . . ." (*Williams* v. *Superior Court,* 274 Cal.App.2d 709, 711 [79 Cal.Rptr. 489].)

Here the facts and circumstances, as previously alluded to, not only justify the officers' actions, but also it is apparent that they would have been derelict in their duties as police officers if they had not stopped appellant and his companions for questioning.

We find no error and the judgment of conviction is affirmed.

Draper, P. J., and Caldecott, J., concurred.

---

*A hearing was granted by the Supreme Court on October 15, 1969. The opinion of that court is reported in 1 Cal.3d 658 [83 Cal.Rptr. 179, 463 P.2d 403].