[Crim. No. 17009. Fourth Dist., Div. Three. Jan. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD HAROLD VORBACH, Defendant and Appellant.

COUNSEL

Jill M. Bojarski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, John W. Carney and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—Richard Harold Vorbach was charged by information in count I with burglary (Pen. Code, § 459),[1] count II with robbery (§ 211), count III with burglary, count IV with assault with a deadly weapon (§ 245, subd. (a)), and count V with robbery. It was further alleged as to all counts he was armed with a knife (§ 12022, subd. (b)) and as to counts III, IV and V he inflicted great bodily injury (§ 12022.7). In addition, it was alleged

---

[1]All references are to the Penal Code unless otherwise noted.

he had served three prison terms. Jury was waived and following trial he was found guilty of assault with a deadly weapon both as a lesser included offense of robbery (count II) and as charged in count IV. The special allegations and one prison commitment were found true. All other charges were dismissed.

Vorbach alleges all the elements of assault with a deadly weapon (count II) were not proven, the evidence does not support either conviction, and assault with a deadly weapon is not a lesser included offense of robbery.

This is a tale of the risks of employment in the illicit drug trade. Donald Alexandrian (the victim in counts I and II) testified Vorbach arrived at his house and demanded drugs. When Alexandrian refused, Vorbach left returning minutes later with a friend. At knifepoint, Vorbach obtained $150 and a watch from Alexandrian. Alexandrian testified Vorbach erroneously believed he had "burned" one of Vorbach's friends by selling him low grade heroin and thus was recouping a bad investment. In the course of this transaction, Vorbach struck Alexandrian with his fist.

The defense to this incident consisted of the testimony of Vorbach and his friend who each described purchasing $100 in worthless heroin from Alexandrian, going to his house to obtain a refund, receiving their money back and leaving. Vorbach denied displaying a knife or striking Alexandrian.

Jane Berthiaume (the victim in counts III through V) testified she had, over a period of time, purchased meat from Vorbach, and in conversation told him she was on methadone. Vorbach arrived one day at her house, and after a friendly conversation, demanded heroin (unknown to Vorbach she had nine balloons of heroin in an envelope in her hand at the time). When she denied having heroin, Vorbach threatened her with a knife and eventually brutally beat her. He then found the heroin and fled. Berthiaume admitted she used heroin, but denied being a dealer.

The defense to these charges consisted of overwhelming evidence Berthiaume dealt in heroin and had been a long time supplier to Vorbach and his friends. Vorbach testified he had purchased $150 in heroin from Berthiaume on credit, but when he found out the heroin was worthless, he refused to pay. He speculated he had been accused of robbing and beating her to cover up an affair she was having while her boyfriend was in jail. He denied the robbery and assault.

### THE ELEMENTS OF ASSAULT WITH A DEADLY WEAPON ON DONALD ALEXANDRIAN WERE SHOWN

██ ██ Vorbach, relying on the definition of an assault with a deadly weapon in *People* v. *Roshid* (1961) 191 Cal.App.2d 692 [12

Cal.Rptr. 794], contends the elements[2] of the crime were not proved. ■ Specifically he suggests the mere display of the knife without an affirmative attempt to commit a battery (i.e., a lunge) is insufficient as a matter of law to sustain a conviction. Vorbach is wrong.

Alexandrian's testimony Vorbach held the knife in a threatening manner and demanded money is sufficient to satisfy the requisite intent to use the knife. (*People* v. *Fain* (1983) 34 Cal.3d 350, 356 [193 Cal.Rptr. 890, 667 P.2d 694]; *People* v. *Duncan* (1945) 72 Cal.App.2d 423, 427 [164 Cal.Rptr. 313].) Nothing more is required.

### THE TRIER OF FACT JUDGES THE CREDIBILITY OF WITNESSES

■ Vorbach argues that as a matter of law, the trial court could not have believed the testimony of Alexandrian and Berthiaume. To support this contention, Vorbach points out what admittedly is damaging impeachment evidence. However, there is no point in repeating it here. ■ "In determining whether a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt, the appellate court 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' (*People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Reilly, supra,* 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].)" (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738].)

■ The testimony of both victims was discredited in part. The trial court found no robberies occurred. However, their testimony, notwithstanding what clearly was substantial evidence impugning their credibility, was sufficient and believable so that the trial court could conclude, as it did, Vorbach assaulted both victims with a knife.[3]

---

[2]"All that is required to sustain a conviction of assault with a deadly weapon is proof that there was an assault, that it was with a deadly weapon, and that the defendant intended to commit a violent injury on another. (Pen. Code, § 245; *People* v. *Marcus* [1955] 133 Cal.App.2d 579, 581 [284 P.2d 848].) An assault is an unlawful attempt, coupled with a present ability to commit a violent injury on the person of another." (*People* v. *Roshid, supra,* 191 Cal.App.2d 692, 693.)

[3]A reading of the record discloses the trial court concluded Vorbach assaulted both victims to obtain what he believed to be his own property. .

■ Assault With a Deadly Weapon Is Not
a Lesser Included Offense of Robbery

■ "An uncharged crime is included in a greater charged offense if either (a) the greater offense cannot be committed without committing the lesser, or (b) the language of the accusatory pleading encompasses all the elements of the lesser offense." (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 98 [192 Cal.Rptr. 748, 665 P.2d 520].) *Wolcott* held assault with a deadly weapon is not a lesser included offense of robbery even where the accusatory pleading alleges as an enhancement the use of a gun (§ 12022.5). (*People* v. *Fain, supra,* 34 Cal.3d 350, 354, fn. 1.) ■ We hold the same reasoning applies where the accusatory pleading alleges an enhancement for use of a knife. (§ 12022, subd. (b).)

*Wolcott* noted as to the first test, a robbery can be accomplished, even where a weapon is utilized, without an assault; i.e., where the element of force or fear is directed at someone other than the victim. Thus to commit robbery, not all elements of assault with a deadly weapon must be accomplished.

With regard to the second test, *Wolcott* reasons an enhancement cannot place the defendant on notice of an uncharged offense since an enhancement is not a crime but merely an additional punishment. In fact, an enhancement is considered by the trier of fact only after the charged, substantive offense is found to be true. As *Wolcott* postulated, a defendant may well have an absolute defense to robbery and thus be unconcerned the accusatory pleading further alleges the use of a gun. For that reason the court held under the notice test assault with a deadly weapon is not a lesser included offense of robbery notwithstanding the allegation of the use of a weapon.

The mere fact the weapon here is a knife does not change the reasoning under either test. Vorbach had a defense to robbery which the trial court accepted by acquitting him of both the robbery and burglary charges. It does not satisfy due process to assume that as to the charge involving Alexandrian, Vorbach had notice the court would look to the pleadings to find he had nevertheless committed an assault with a deadly weapon.

## Conclusion

Vorbach is entitled to an acquittal as to the conviction of assault with a deadly weapon in count II. Since the court sentenced appellant to the mid term of three years on count IV, imposing a two-year sentence on count II to be served concurrently, the judgment as to count II is reversed and the

abstract of judgment is modified to dismiss count II, assault with a deadly weapon. In all other respects, the judgment is affirmed.

Trotter, P. J., and Wallin, J., concurred.